**KINGSPORT PRESS, INC., Appellant,**

v.

**Frank W. McCULLOCH et al., individually and as Chairman and Members of and constituting the National Labor Relations Board et al., Appellees.**

**No. 18609.**

United States Court of Appeals District of Columbia Circuit.

Argued June 4, 1964.

Decided June 25, 1964.

Certiorari Denied Dec. 7, 1964.

See 85 S.Ct. 330.

Mr. Gerard D. Reilly, Washington, D. C., with whom Mr. Winthrop A. Johns, Washington, D. C., was on the brief, for appellant.

Mr. Stephen B. Goldberg, Atty., N. L. R. B., of the bar of the Supreme Court of California, *pro hac vice*, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominic L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief for appellee McCulloch et al.

Mr. John S. McLellan, Kingsport, Tenn., of the bar of the Supreme Court, of Tennessee, *pro hac vice*, by special leave of court, with whom Messrs. Herbert S. Thatcher and David S. Barr, Washington, D. C., were on the brief, for appellee, Local 175, Electrotypers Union, and certain other appellees.

Before DANAHER, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

Prior to the expiration of certain collective bargaining agreements, five printing trades unions presented economic demands which the appellant deemed unacceptable. Although the contracts expired on January 1, 1963, the parties continued to negotiate until on March 11,

1963 a strike was called. Some eleven months later, four of the striking unions requested the Board to conduct representation elections pursuant to section 9(c)(1) of the Act. Consolidated hearings were concluded on February 25, 1964. The appellant requested an extension of time to file briefs, but the Board on March 5 issued its decision and direction of elections to be held on March 10, 1964. At the same time the Board extended the time for the filing of briefs until March 17, stating that it would deem the briefs when filed as motions for reconsideration and would impound the ballots pending consideration of the case.

The Board took the position that unless the elections could be held prior to March 11, 1964, by virtue of section 9(c)(3) of the National Labor Relations Act as amended, 61 STAT. 136, 73 STAT. 519, 29 U.S.C. § 151 et seq., strikers who had been replaced would have been rendered ineligible to vote. Under that section economic strikers not entitled to reinstatement could participate only in an "election conducted within twelve months after the commencement of the strike." The Board had acted *sua sponte*, explaining:

"[I]n order to implement to the extent possible the Congressional intent to enfranchise replaced·strikers during the first 12 months of an economic strike, we have decided to direct an election to be held no later than March 10, 1964, without awaiting any briefs which parties may file. We believe that this procedure, although a departure from that normally followed, is warranted by the circumstances and will effectuate the purposes and policies of the Act."

The appellant in the District Court sought to restrain the elections. The Board's motion to dismiss was granted "for the reason that the court lacks jurisdiction over the subject matter of the action." Appellant then sought a stay in this court. Even as we denied the appellant's motion, we ordered expedited consideration of the appeal.

Now after full argument, we have given consideration to the briefs [1] and the claims earnestly advanced by counsel. We are satisfied that the order of the District Court must be

Affirmed.[2]

1. Appellant has moved that the court strike certain portions of the brief filed by the intervenors. Since we do not reach the merits, we deem it unnecessary to act on that motion.

2. Compare Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 894 (1964) with Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).