343 F.2d 497
 MACHINERY, SCRAP IRON, METAL & STEEL CHAUFFEURS,
WAREHOUSEMEN, HANDLERS, HELPERS, ALLOY FABRICATORS,
THEATRICAL, EXPOSITION, CONVENTION AND TRADE SHOW EMPLOYEES,
LOCAL UNION NO. 714, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
Plaintiff-Appellant,
v.
Ross M. MADDEN, as Regional Director of the National Labor
Relations Board forthe Thirteenth Region,
Defendant-Appellee.
 No. 14865.
 United States Court of Appeals Seventh Circuit.
 April 7, 1965.
 
 Marvin Sacks, Mayer Goldberg, Chicago, Ill., for appellant.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, William Wachter, Atty., N.L.R.B., Washington, D.C., for appellee.
 Before DUFFY, KNOCH and CASTLE, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Plaintiff-appellant, Machinery, Scrap Iron, Metal & Steel Chauffeurs, Warehousemen, Handlers, Helpers, Alloy Fabricators, Theatrical, Exposition, Convention and Trade Show Employees, Local Union No. 714, International Brotherhood of Teamsters, hereinafter sometimes called the 'Union,' sought to enjoin defendant-appellee, Ross M. Madden, as Regional Director of the National Labor Relations Board for the Thirteenth Region, hereinafter sometimes called the 'Board', from proceeding to conduct a union-shop deauthorization election pursuant to Title 29 U.S.C. 159(e)(1).
 
 
 2
 The defendant moved to dismiss the suit. The District Court allowed the election to proceed but provided for the ballots to be impounded and the results to remain unpublished pending disposition of this case. The Union then sought to enjoin publication and to have the ballots destroyed.
 
 
 3
 The Board contended that the Court lacked jurisdiction and that the complaint failed to state a claim on which relief might be granted.
 
 
 4
 The District Court granted the motion to dismiss on the second ground.
 
 
 5
 The facts as set out in the complaint indicate that plaintiff Union is the collective bargaining representative for all production, maintenance and shipping room employees of Harco Aluminum, Inc. Effective August 1, 1963, the Union and Harco entered into a three-year collective bargaining agreement which contained a provision which required membership in the Union as a condition of employment. The agreement, including the union-shop provision, was unanimously approved and ratified by the Harco employees. filed a union deauthorization petition pursuant to the Labor Management Relations Act, 9(e)(1), to rescind the union-shop authorization.
 
 
 6
 A conference was had April 9, 1964, to arrange election details. Plaintiff then objected to holding the election without a formal hearing, and the following day filed written objections with a request for a formal hearing to establish, inter alia, the approval and ratification mentioned above.
 
 
 7
 Appeal to the General Counsel of the Board in Washington, D.C. (from the defendant's denial of that request on April 15, 1964) was held to be premature.
 
 
 8
 An order issued June 4, 1964, scheduling the deauthorization election for June 18, 1964. Plaintiff's appeal to the General Counsel from the order of June 4, 1964, was denied June 12, 1964, and on June 16, 1964, plaintiff Union filed its action in the United States District Court.
 
 
 9
 Although the ratification of the union security provision is admitted for this record by the motion to dismiss plaintiff Union's complaint, plaintiff feels denial of a hearing to enable plaintiff to establish that point violated plaintiff's Constitutional rights.
 
 
 10
 This ties in with plaintiff's contention that an affirmative vote for deauthorization by employees who previously ratified the union security provision cannot become effective prior to termination of the current collective bargaining agreement.
 
 
 11
 In any event, it is plaintiff's view that Congress intended by 9(e)(1) to grant employees the right to revoke the authority of the union only as to bargaining for future union security provisions to be effective after termination of current contracts, and that the interpretation of 9(e)(1) adopted by the Board and followed by the District Court is inconsistent with the Board's contract bar doctrine.
 
 The pertinent provisions of the Act read:
 
 12
 158. '(a) It shall be an unfair labor practice for an employer-- '(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, That nothing in this subchapter, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in this subsection as an unfair labor practice) to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later, (i) if such labor organization is the representative of the employees as provided in section 159(a) of this title, in the appropriate collective-bargaining unit covered by such agreement when made, and (ii) unless following an election held as provided in section 159(e) of this title within one year preceding the effective date of such agreement, the Board shall have certified that at least a majority of the employees eligible to vote in such election have voted to rescined the authority of such labor organization to make such an agreement:' 29 U.S.C. 159 '(e) (1) Upon the filing with the Board, by 30 per centum or more of the employees in a bargaining unit covered by an agreement between their employer and a labor organization made pursuant to section 158(a)(3) of this title, of a petition alleging they desire that such authority be rescinded, the Board shall take a secret ballot of the employees in such unit and certify the results thereof to such labor organization and to the employer.
 
 
 13
 '(2) No election shall be conducted pursuant to this subsection in any bargaining unit or any subdivision within which, in the preceding twelve-month period, a valid election shall have been held.'
 
 
 14
 The District Court agreed that jurisdiction was lacking to entertain an action of a labor organization (allegedly aggrieved by a Board determination of the type now before us) to set aside the Board's determination unless that determination clearly transgressed a mandatory requirement of the statute or violated Constitutional provisions. Leedom v. Kyne, 1958, 358 U.S. 184, 187-188, 79 S.Ct. 180, 3 L.Ed.2d 210; Local 1545, United Broth. of Carpenters and Joiners of America, AFL-CIO v. Vincent, 2 Cir., 1960, 286 F.2d 127, 130; Miami Newspaper Printing Pressman's Union Local 46 v. McCulloch, 1963, 116 U.S.App.D.C. 243, 246, 322 F.2d 993, 996; and cases therein cited.
 
 
 15
 We agree with appellee's contention that jurisdiction must rest on more than a mere allegation of unauthorized Board action. A prerequisite to review of the Board's order is the determination by the District Court that there is a violation of a clear and mandatory provision of the Act. In Kyne, on which plaintiff relies, the Board admitted that the action of which the union there complained did contravene a specific prohibition of the Act.
 
 
 16
 As the District Judge noted, the opinion in Boire v. Greyhound Corp., 1964, 376 U.S. 473, 481, 84 S.Ct. 894, 11 L.Ed.2d 849, refers to the factual nature of the issue before it as contrasted with the legal issue of Kyne which depended on construction of a statute. Nevertheless, we cannot agree that District Court review of the Board action under 9 of the Act is not subject to similar limitations whether the error alleged is one of fact or law. Kingsport Press v. McCulloch, 1964, 118 U.S.App.D.C. 365, 336 F.2d 753, cert. den. 379 U.S. 931, 85 S.Ct. 330, 13 L.Ed.2d 343.
 
 
 17
 In the case before us the District Court determined that:
 
 
 18
 'Accordingly, it is the judgment of this Court that the failure of the Board to grant plaintiff a hearing did not constitute a statutory or Constitutional violation. Further, we hold that the authorized election was entirely proper under the terms of Section 9(e)(1), and that the union-shop provision may legally be rescinded during the term of the existing collective bargaining agreement. Plaintiff's motion for a temporary restraining order is denied, and defendant's motion to dismiss is granted.'
 
 
 19
 Having found that the Board had violated no clear statutory command or prohibition, and had contravened no constitutional safeguards, the District Court, in our opinion, should have dismissed the complaint for want of jurisdiction of the subject matter.
 
 
 20
 We are in full agreement with the District Court that 9(e)(1) contemplates that the parties are subject to a union security agreement at the time the deauthorization petition is filed. It refers to a petition filed by 30% Or more of the employees in a bargaining unit covered by an agreement between their employer and a labor organization entered into pursuant to 8(a)(3). We must conclude that Congress intended to provide relief from an existing union security clause, and that, as the District Judge stated:
 
 
 21
 'To postpone all deauthorization elections to such time as current agreements are terminated as plaintiff suggests, would be contrary to the intent of Congress.'
 
 
 22
 We also conclude, as did the District Judge, that the employee ratification of the bargaining agreement, which the Union sought to prove at a preelection hearing, presented no material issue. See Retail Clerks Intern. Ass'n, AFL-CIO v. Montgomery Ward, 7 Cir., 1963, 316 F.2d 754.
 
 
 23
 Nothing in the Act requires the Board to establish or maintain contract bar rules. Two representation elections in the same unit for the certification or decertification of a bargaining representative are barred during one 12-month period. Two deauthorization elections in a unit are barred for the same period. 9(c)(3), 9(e)(2). The fact that the Board has exercised its discretion to extend the period with reference to elections under 9(c) in a unit covered by a lawful collective bargaining agrfeement does not require the Board to make similar rules respecting 9(e) which relates only to one clause in a collective bargaining agreement. The same principles of maintaining a balance between stability in industrial relations and employee freedom of choice in selection of a bargaining representative (Leedom v. IBEW, 1960, 107 U.S.App.D.C. 357, 361-362, 278 F.2d 237, 241-242) do not apply with equal force to proceedings under 9(e).
 
 
 24
 The order of the District Court dismissing the complaint is affirmed on the ground that the District Court lacked jurisdiction over the subject matter of the action.
 
 
 25
 Affirmed.