599 F.2d 816
 101 L.R.R.M. (BNA) 2624, 86 Lab.Cas. P 11,345
 CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION
(INDEPENDENT), Plaintiff-Appellant,
v.
NATIONAL LABOR RELATIONS BOARD, Region Thirteen of the
National Labor Relations Board, and Lex Barbour,
Defendants-Appellees.
 No. 78-2319.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 12, 1979.
Decided June 5, 1979.
Rehearing and Rehearing En Banc Denied July 31, 1979.
 
 Paul L. Glover, Chicago, Ill., for plaintiff-appellant.
 Ruth Peters, N. L. R. B., Washington, D. C., for defendants-appellees.
 Before CASTLE, Senior Circuit Judge, and SWYGERT and BAUER, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 The question presented by this appeal is whether a federal district court has subject matter jurisdiction to review a decision of the National Labor Relations Board dismissing a representation petition on the grounds that the employer and his employees were subject to the provisions of the Railway Labor Act rather than the National Labor Relations Act. We agree with the district court that subject matter jurisdiction was absent and affirm its judgment.
 
 
 2
 On August 4, 1977 the Chicago Truck Drivers, Helpers and Warehouse Workers Union ("union") filed a representation petition with the Region Thirteen office of the National Labor Relations Board ("NLRB"). The union sought to have all the truck drivers employed at the Chicago area facilities of Federal Express Corporation[1] vote in an NLRB supervised election to determine whether they wanted the union certified as their bargaining representative. (When a representation petition is filed, the appropriate regional office of the NLRB conducts an investigation to determine whether there is a question about representation of employees for purposes of collective bargaining. See National Labor Relations Act ("NLRA") § 9, 29 U.S.C. §§ 151 Et seq. See also 29 C.F.R. §§ 101.17-.21, 102.60-.72 (1978).) The regional office began its investigation and set a hearing for August 22, 1978. On August 18 the regional office postponed the hearing indefinitely. Four days later the regional director of the NLRB informed the union that the NLRB had determined that Federal Express was a carrier subject to the jurisdiction of the National Mediation Board pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 Et seq., and thus was excluded from the definition of employer found in section 2(2) of the NLRA, 29 U.S.C. § 152(2). The regional director in his letter to the union explained:
 
 
 3
 From the investigation, the evidence shows that the Employer herein is a carrier subject to the jurisdiction of the National Mediation Board under the Railway Labor Act, 45 U.S.C. Sec. 151 Et seq. See also Adams v. Federal Express Corporation, 547 F.2d 319, 94 LRRM 2008. (Appended to the Adams opinion is decision of the N.M.B. that Federal Express is a carrier subject to the RLA.) Further, the evidence shows that the Employer's business operations have not substantially changed since the decision of the National Mediation Board, and that the employees involved herein are engaged in work which is an integral part of the Employer's air carrier operations. Under these circumstances, the Employer is not subject to the National Labor Relations Act. Holston Land Company, Inc., 221 NLRB 249.
 
 
 4
 Accordingly, the regional director dismissed the union's representation petition and cancelled the representation hearing. Subsequently the NLRB affirmed the regional director's dismissal of the petition.
 
 
 5
 On March 2, 1978 the union filed a complaint in the district court seeking an order requiring the NLRB to exercise authority over the representation dispute and to supervise a representation election. Subsequently the NLRB filed a motion asking the district court to dismiss the complaint for want of subject matter jurisdiction or, alternatively, to grant summary judgment. The district court issued a memorandum opinion on September 26, 1978 in which it concluded that the NLRB "did not act in excess of its statutory authority" and, therefore, that the district court lacked subject matter jurisdiction to hear the case. Chicago Truck Drivers v. NLRB, No. 78-C-749 (N.D.Ill., Sept. 28, 1978). The district court granted the NLRB's motion for summary judgment.
 
 
 6
 It is undisputed that NLRB decisions regarding certification proceedings are not generally reviewable in the courts.[2] Boire v. Greyhound Corp., 376 U.S. 473, 476-77, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); American Federation of Labor v. Labor Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940). The union argues, however, that the NLRB's decision that it has no jurisdiction over the representation question involving Federal Express and its truck driver employees falls within an exception, established by the Supreme Court in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), to the general rule. In Kyne the Court noted that the trial court had found, and the NLRB conceded on appeal, that the Board ". . . had disobeyed the express command of § 9(b)(1) in including nonprofessional employees and professional employees in the same unit without the latter's consent, and in doing so had acted in excess of its powers to the injury of the professional employees . . . ." Id. at 186-87, 79 S.Ct. at 183. The Court observed that such a suit "is not one to 'review,' in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." Id. at 188, 79 S.Ct. at 184. And the Supreme Court concluded that federal district courts have jurisdiction to prevent such NLRB actions.
 
 
 7
 Courts asked to review NLRB certification proceedings under the Kyne exception have warned that the exception should be construed narrowly. Boire, supra, 376 U.S. at 480-82, 84 S.Ct. 894; Squillacote v. Teamsters Local 344, 561 F.2d 31 (7th Cir. 1977); McCulloch v. Libbey-Owens-Ford Glass Co., 131 U.S.App.D.C. 190, 403 F.2d 916 (1968), Cert. denied, 343 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969); Machinery, Scrap Iron Employees, Local 714 v. Madden, 343 F.2d 497 (7th Cir.), Cert. denied, 382 U.S. 822, 86 S.Ct. 53, 15 L.Ed.2d 69 (1965). In Boire the Supreme Court described the limits of the exception it had established in Kyne :
 
 
 8
 (W)hether Greyhound possessed sufficient indicia of control to be an "employer" is essentially a factual issue, unlike the question in Kyne, which depended solely upon construction of the statute. The Kyne exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law.
 
 
 9
 Boire, supra, 376 U.S. at 481, 84 S.Ct. at 899. Unfortunately, this demarcation of the boundaries of Kyne suggests the negative inference that whenever a party seeking judicial review of a Board order in a certification proceeding raises solely legal rather than factual issues in his petition for review, review, under the Kyne exception, should be granted. But Kyne itself states only that when the NLRB acts in excess of its statutory powers and contrary to a specific prohibition of the NLRB, review is available. The broad interpretation of the language in Boire would expand the Kyne exception until jurisdiction would be absent only in those cases in which an "erroneous assessment" of the facts led to a "conclusion which does not comport with the law,"; in effect, judicial review would be available for all NLRB decisions in which the sole disputed issue was a legal one.
 
 
 10
 This interpretation of Boire would violate Congress' intent as expressed in the legislative history of the statute and is not required by the language of Kyne. In fact, such a reading of this language in Boire would contradict the express purpose for that opinion's discussion of Kyne : to reexplain the earlier decision's "narrow," "painstakingly delineated procedural boundaries . . . ." Id. And circuit decisions, including decisions from this circuit, have not read Boire in this way. Kyne has been limited to its express language, and thus the NLRB must disregard "a specific and unambiguous statutory directive" before a federal district court has jurisdiction to review the Board's action. Squillacote, supra, 561 F.2d at 36. See also McCulloch, supra, 131 U.S.App.D.C. at 191, 403 F.2d at 917 ("the showing that the Board has violated the Act or deprived a plaintiff of constitutional rights must be strong and clear"); Machinery, supra, 343 F.2d at 499-500; Gorman, Labor Law 63-65 (1976).
 
 
 11
 The primary focus of this standard is not whether the disputed issue is "factual" or "legal." If there were no contention that the NLRB made any error of law, then, of course, a petitioner seeking judicial review could not show that the Board had ignored a specific statutory directive. But even when it is argued, as it is in this case, that the NLRB has interpreted and applied a statute incorrectly, jurisdiction pursuant to Kyne is not automatically warranted. Only if the NLRB acts in disregard of its authority and contrary to a specific statutory directive will its faulty legal analysis cause its certification proceedings to be subject to judicial review. Thus a federal district court is required to examine on its merits a petitioner's contention that the NLRB has made an error of law, but this examination should be made with relatively lax scrutiny. Jurisdiction is not present simply because the NLRB has made an error of law in a certification proceeding; jurisdiction is warranted only if the NLRB has violated a clear and specific statutory directive.
 
 
 12
 We cannot say that the NLRB has disregarded such a statutory directive in this case. The Railway Labor Act was adopted in 1926 to provide for speedy, administrative resolution of labor-management disputes in the rail transportation industry. Section 1 of the RLA describes the employers who are subject to the Act's regulations:
 
 
 13
 The term "carrier" includes any express company, sleeping-car company, carrier by railroad, subject to the Interstate Commerce Act, and any company which is directly or indirectly owned or controlled by or under common control with any carrier by railroad and which operates any equipment or facilities or performs any service (other than trucking service) in connection with the transportation, receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, and handling of property transported by railroad, and any receiver, trustee, or other individual or body, judicial or otherwise, when in the possession of the business of any such "carrier."
 
 
 14
 45 U.S.C. § 151. In 1936 the RLA was amended to include air carriers within its regulatory ambit. 45 U.S.C. §§ 181, 182. The NLRB in refusing to assert jurisdiction over the Federal Express trucking employees, relied on sections 2(2) and 2(3) of the NLRA which exclude employers and employees covered by the RLA from NLRB regulations:
 
 
 15
 Section 2(2) Employers The term "employer" . . . shall not include . . . any person subject to the Railway Labor Act, as amended from time to time,
 
 
 16
 Section 2(3) Employees The term "employee" shall include any employee . . . but shall not include . . . any individual employed by an employer subject to the Railway Labor Act, as amended from time to time, . . .
 
 
 17
 29 U.S.C. §§ 152(2), 152(3).
 
 
 18
 The union contends that the inclusion of the parenthetical phrase "other than trucking service" in the description of carrier company activities covered by the RLA excludes Federal Express' truck drivers from RLA coverage. Thus, the union argues that the NLRB's refusal to hold a representation election and to conduct certification proceedings for these employees because of the RLA constitutes a clear error of law and a violation of the NLRA's directive to the NLRB to execute these duties.
 
 
 19
 The NLRB, on the other hand, contends that only trucking activities independent of an employer's carrier activities are meant to be excluded by the "trucking service" language; if the trucking activity is integrally related to the rail or air transportation activity, then the trucking employees are not excluded from coverage of the RLA. The NLRB concluded that because the employment responsibilities of the Federal Express truck drivers were only to pick up and drop off parcels which were being transported by the Federal Express' air carrier services, these truck drivers were covered by the RLA.
 
 
 20
 There is support for the NLRB's position. In Adams v. Federal Express Corp., 547 F.2d 319 (6th Cir. 1976), Cert. denied, 431 U.S. 915, 97 S.Ct. 2177, 53 L.Ed.2d 225 (1977), the Sixth Circuit assumed, without discussion, that Federal Express employees were covered by the RLA, not the NLRA. The court appended to its opinion a decision of the National Mediation Board supporting this conclusion. Id. at 324-25. See also Holston Land Co., 221 NLRB 249 (1975). Further, the Ninth Circuit, in Pan American World Airways, Inc. v. United Brotherhood of Carpenters and Joiners, 324 F.2d 217 (9th Cir. 1963), although reaching the opposite result based on the facts before it, appeared to support generally the standard embraced by the NLRB in this case. The Ninth Circuit concluded that the activities of the Pan American subsidiary had "nothing whatever to do with the transportation of persons and goods," and thus the subsidiary was not covered by the RLA. Id. at 221. The court then quoted a prior case saying:
 
 
 21
 "The Railway Labor Act was intended to apply only to transportation activities and that work which bears more than a tenuous, negligible and remote relationship to the transportation activities." . . . Northwest Airlines v. Jackson, 185 F.2d 74 (8th Cir. 1950).
 
 
 22
 Id. at 223. See also Virginian Ry. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937).
 
 
 23
 Although both the union's reliance on the "trucking service" language in section 1 of the RLA and its reference to the legislative history amending the Act to include the phrase are somewhat persuasive, we are unable to conclude that the NLRB disregarded a clear, specific, statutory directive when it ruled that the Employer's truck drivers were covered by the RLA.[3] We reach no decision on the ultimate merits of these two competing statutory interpretations, but we do conclude that the district court lacked subject matter jurisdiction to review the NLRB's decision.
 
 
 24
 For these reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 Federal Express Corp. is a chartered air freight carrier operating a parcel delivery service
 
 
 [2]
 As the Supreme Court explained in Boire :
 Such decisions . . . are normally reviewable only where the dispute concerning the correctness of the certification eventuates in a finding by the Board that an unfair labor practice has been committed as, for example, where an employer refuses to bargain with a certified representative on the ground that the election was held in an inappropriate bargaining unit. In such a case, § 9(d) of the Act makes full provision for judicial review of the underlying certification order by providing that "such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed" in the Court of Appeals.
 Boire v. Greyhound Corp., 376 U.S. 473, 477, 84 S.Ct. 894, 896, 11 L.Ed.2d 849 (1964). See also Leedom v. Kyne, 358 U.S. 184, 191, 79 S.Ct. 180, 3 L.Ed.2d 210 Et seq. (1958) (Brennan, J., Dissenting ) (outlining legislative history and policies supporting the statutory rule).
 
 
 [3]
 In its briefs and at oral argument, the union emphasized the fact that a comparison of the activities of Federal Express and other air freight forwarders (whose trucking employees apparently have been deemed to be within the coverage of the NLRA) reveals few differences. The union argues that this necessarily leads to the conclusion that Federal Express truck drivers should be covered by the NLRA. The validity of NLRB jurisdiction over other freight forwarders is not before us. We have concluded that the NLRB did not disregard a specific statutory command when it determined that the Federal Express' trucking personnel are covered by the RLA, and that conclusion is dispositive of the question of the district court's jurisdiction to review this NLRB decision