Kenneth L. BENDER, d/b/a K & F Welding and Iron Works,

and

Nationwide Insurance Company, Petitioners,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 87–614.

District of Columbia Court of Appeals.

Submitted in Chambers, March, 1988.

Decided Aug. 24, 1989.

---

Jeffrey W. Ochsman and Charles P. Monroe, Washington, D.C., were on brief, for petitioners.

Mary L. Wilson, Asst. Corp. Counsel, Washington, D.C., for respondent.

Before ROGERS,* Chief Judge, NEWMAN and BELSON, Associate Judges.

NEWMAN, Associate Judge:

Under D.C.Code § 1–1510(a) (1987), Bender, *et al.* (Bender) petitions for review of a Department of Employment Services (DOES) decision that the agency has jurisdiction to hear a claim for disability benefits brought by Samuel Calvin, an employee of Bender, under the District of Columbia Workers' Compensation Act of 1979 (the Act), D.C.Code §§ 36–301 to 36–345 (1988). This petition for review comes before Bender has exhausted all of its administrative remedies. We hold that this court lacks jurisdiction to review a challenge to an agency's assertion of jurisdiction under section 1–1510(a) except in the extraordinary situation where the agency has plainly exceeded or clearly contravened its statutory authority. Finding such circumstances absent here, we dismiss the petition.

I.

Calvin filed a claim for disability benefits pursuant to the provisions of the Act after sustaining an eye injury while installing steel roller doors at a work site located in the District of Columbia. On January 11, 1985, DOES Hearing Examiner Brownell held an evidentiary hearing to consider whether Calvin's case fell within DOES' jurisdiction and if so, to determine the correct method of computing Calvin's average weekly wage and compensation rate. On March 28, 1985, Brownell issued a Recommended Compensation Order which advised that DOES lacked jurisdiction to adjudicate the claim because Calvin's employment was not "principally localized" in the District of

* Judge Rogers was an Associate Judge of the court at the time of submission. Her status changed to Chief Judge on November 1, 1988.

Columbia,[1] as required by D.C.Code § 36–303(a) (1988).[2]

In response to the adverse order, Calvin filed exceptions with the Director of DOES challenging Brownell's decision to admit evidence,[3] *sua sponte* and post-hearing, which Brownell relied upon to deny the claim on jurisdictional grounds. The Director concluded that the evidence was improperly admitted and remanded the matter to the chief hearing examiner for reconsideration of the jurisdictional issue, absent the contested evidence.

In a Compensation Order on Remand, Acting Chief Hearing Examiner Baker held that DOES had jurisdiction over the claim because at the time of Calvin's injury his employment was principally localized in the District of Columbia. Baker also concluded that Calvin's benefits should be calculated under the "wage stacking" method, that is, based upon Calvin's earnings from Bender as well as from other concurrent employment held in the thirteen weeks preceding his injury.

Thereafter, Bender filed exceptions with the Director, who, on May 28, 1987, issued a Final Compensation Order that affirmed the jurisdictional ruling, but reversed on the issue of how the benefits should be computed and remanded for a recalculation of Calvin's benefits based solely on the average weekly wage he earned from Bender. Bender petitions for review solely from that portion of the Final Compensation Order affirming DOES jurisdiction in this case.

## II.

Bender relies on D.C.Code § 1–1510(a) to secure this court's review of the Director's decision affirming DOES jurisdiction over this claim.[4] Section 1–1510(a) provides, in relevant part:

> If the jurisdiction of the Mayor or an agency is challenged *at any time in any proceeding* and the Mayor or the agency, as the case may be, takes jurisdiction, the person challenging jurisdiction shall be *entitled to an immediate judicial review* of that action, *unless the Court shall otherwise hold.* (Emphasis added.)

Bender contends that under a plain reading of section 1–1510(a), this court has the authority to review an interlocutory challenge to an agency's assertion of jurisdiction, and that on the facts presented, we should exercise our review powers to find that DOES is without jurisdiction in this case.

DOES concurs that section 1–1510(a) creates an exception to the traditional prerequisite for judicial review of an agency decision—exhaustion of administrative remedies. DOES argues, however, that the exception arises only in cases where the agency exercises authority that is clearly in excess of its jurisdiction, and not in cases where the assertion of jurisdiction necessarily follows from an interpretation of the substantive law governing the dispute which the agency is statutorily bound to make, for example, a determination that a claimant's employment was principally localized in the District of Columbia at the time of injury. We agree.

It is beyond cavil that exhaustion of administrative remedies is a prerequisite to judicial review of agency action absent extraordinary circumstances. *Barnett v. District of Columbia Department of Employment Services,* 491 A.2d 1156, 1160 (1985); *Malcolm Price, Inc. v. District Unemployment Compensation Board,* 350 A.2d 730, 733 (D.C.1976); *see McKart v.*

---

**1.** The remaining issue of how Calvin's benefits should be computed was not addressed as a result of the jurisdictional ruling.

**2.** Section 36–303(a) provides in relevant part: This chapter shall apply in respect to the injury or death of an employee of an employer, ... irrespective of the place where the injury or death occurs provided that at the time of such injury or death this employment is *principally localized* in the District of Columbia....

D.C.Code § 36–303(a) (1988) (emphasis added).

**3.** Specifically, Calvin's deposition testimony.

**4.** We find Bender's other asserted grounds for our jurisdiction, that the Director's May 20th Order was "final" for purposes of review, and that the exclusion of Calvin's deposition testimony constituted a violation of due process such that review is warranted, without merit.

*United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938). *See generally* K. DAVIS, ADMINISTRATIVE LAW TREATISE § 20.01 (1958 & Supp.1970). The exhaustion rule was founded upon the practical interests of maximizing judicial and administrative efficiency, and preserving administrative autonomy. *See McKart, supra,* 395 U.S. at 193–95, 89 S.Ct. at 1662–63; *Barnett, supra,* 491 A.2d at 1160. These interests are deemed best served where courts are prevented from prematurely interrupting the administrative process; a process which, if left to run its natural course—to wit, development of a complete factual record, application, in the first instance, of agency expertise and discretion, and perhaps, intra-agency correction—may foreclose the necessity of judicial review. *See McKart, supra,* 395 U.S. at 193–95, 89 S.Ct. at 1662–63; *Barnett, supra,* 491 A.2d at 1160–61. These concerns remain paramount in determining whether section 1–1510(a) was designed to permit waiver of the exhaustion requirement in the context here presented.

■■■ We note at the outset that the use of the exception created in section 1–1510(a) is expressly circumscribed by this court's discretion: "the person challenging jurisdiction shall be entitled to an immediate judicial review ... *unless* the Court shall otherwise hold." Neither the statute nor its legislative history offers explicit guidance on how that discretion *should* be exercised with respect to the exception. Nevertheless, the legislative history of section 1–1510(a) reveals a clear congressional intent that we apply the same "standards of judicial review" as those found in the Federal Administrative Procedure Act and "as developed by controlling decisions of the Supreme Court of the United States and of the lower Federal courts." H.R. Rep. No. 646, 89th Cong., 1st Sess. 7 (1965); *see* S.Rep. No. 1581, 90th Cong., 2d Sess. 5, 8 (1968); *see also Wallace v. District Unemployment Compensation Board,* 294 A.2d 177, 178–79 (D.C.1972).

In our view, section 1–1510(a) merely codifies "[t]he most widely recognized exception to the general rule against judicial consideration of interlocutory agency rulings ... [that] class of cases where an agency has exercised authority in excess of its jurisdiction or otherwise acted in a manner that is clearly at odds with the specific language of a statute." *Coca–Cola Company v. Federal Trade Commission,* 475 F.2d 299, 303 (5th Cir.1973), *cert. denied,* 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973); *accord Office of People's Counsel v. Public Service Commission,* 477 A.2d 1079, 1082 (D.C.1984); *American Cyanamid Co. v. Roudebush,* 411 F.Supp. 1220, 1222 (S.D.N.Y.1976) ("Unless the administrative agency has grossly exceeded its powers, a claim that the agency lacked jurisdiction, ... will not permit plaintiff to avoid the exhaustion requirement.") (citations omitted).

The lead Supreme Court case in this class of exceptions is *Leedom v. Kyne,* where the Court permitted interlocutory review of the National Labor Relations Board's [NLRB] designation of a bargaining unit composed of both professional and nonprofessional employees in clear defiance of express statutory language. 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). Characterizing the NLRB's actions as "unlawful," the Court found that

> [t]his suit is not one to "review," in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act.

*Id.* at 188, 79 S.Ct. at 184.

Courts have narrowly construed the *Kyne* exception, holding that the error must be of a *"summa* or *magna* quality as contraposed to decisions which are simply *cum* error." *United States v. Feaster,* 410 F.2d 1354, 1368 (5th Cir.) (emphasis in original), *cert. denied,* 396 U.S. 962, 90 S.Ct. 427, 24 L.Ed.2d 426 (1969); *see Boire v. Greyhound Corp.,* 376 U.S. 473, 481, 84 S.Ct. 894, 899, 11 L.Ed.2d 849 (1964) (reexplaining the "narrow," "painstakingly de-

lineated procedural boundaries" of *Kyne* ); *Physicians National House Staff Association v. Fanning,* 206 U.S. App. D.C. 87, 91, 642 F.2d 492, 496 (D.C.Cir.) (en banc) ("The federal courts have consistently recognized the limits imposed by the *Kyne* decision."), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1980); *Rockford Redi–Mix Co. v. Zipp,* 632 F.2d 30, 31 (7th Cir.1980) (agency decision reviewable "only if it exceeds the [agency's] jurisdiction and is contrary to a specific and unambiguous provision of the [statute]."), *cert. denied,* 450 U.S. 929, 101 S.Ct. 1388, 67 L.Ed.2d 362 (1981); *Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) v. National Labor Relations Board,* 599 F.2d 816, 819 (7th Cir.1979) (circuit court's "[j]urisdiction is not present simply because the NLRB has made an error of law in certification proceeding; jurisdiction is only warranted if the NLRB has violated a clear and specific statutory directive."); *American General Insurance Co. v. Federal Trade Commission,* 496 F.2d 197, 200 (5th Cir.1974) ("The jurisdictional [error] must be gross or egregious to provide an exception to the rule of exhaustion.").

■ Therefore in order to invoke the *Kyne* exception, a party must be able to show that the agency action is plainly in excess of its delegated powers; the error must involve more than a mere error of fact or law, there must be action in absence of statutory authority. *Fanning, supra,* 642 F.2d at 496; *Chicago Truck Drivers, supra,* 599 F.2d at 819. This court's jurisdiction must be founded on more than an allegation

> that there are possible infirmities in an action taken by the [agency] by reason of an erroneous or arbitrary exertion of its authority in respect to the facts before it.... For such jurisdiction to exist, the [agency] must have stepped so plainly beyond the bounds of the Act, or acted so clearly in defiance of it, as to warrant the immediate intervention of [the] court even before the [agency's] own processes have run their course.

*Local 130, International Union of Electrical, Radio & Machine Workers v.* *McCulloch,* 120 U.S. App. D.C. 196, 201, 345 F.2d 90, 95 (1965). Otherwise, we are obliged to defer to an agency's initial determination of its jurisdiction where it is clearly within its statutory mandate and not contrary to the express provisions of the statute. *See Federal Power Commission v. Louisiana Power & Light Co.,* 406 U.S. 621, 647, 92 S.Ct. 1827, 1842, 32 L.Ed.2d 369 (1972); *Myers, supra,* 303 U.S. 41, 58 S.Ct. 459; *Imperial Carpet Mills, Inc. v. Consumer Products Safety Commission,* 634 F.2d 871, 874 (5th Cir.1981) ("Questions of an agency's authority and jurisdiction have long been held by the courts to be particularly appropriate for initial agency determination."); *American General Insurance Co., supra,* 496 F.2d at 200; *cf. Louisiana Power & Light Co., supra,* 406 U.S. at 647, 92 S.Ct. at 1842 ("The need to protect the primary authority of an agency to determine its own jurisdiction 'is obviously greatest when the precise issue brought before a court is in the process of litigation through procedures originating in the [agency]. While the [agency's] decision is not the last word, it must assuredly be the first.' ") (quoting *Marine Engineers Beneficial Association v. Interlake S.S. Co.,* 370 U.S. 173, 185, 82 S.Ct. 1237, 1243, 8 L.Ed.2d 418 (1962)); *Frito–Lay, Inc. v. Federal Trade Commission,* 380 F.2d 8, 10 (5th Cir.1967).

### III.

■ The DOES action in this case is not outside its statutory mandate. Here, the agency's assertion of jurisdiction is predicated on a finding that Calvin's employment was "principally localized" in the District of Columbia at the time of his accident; a determination that the DOES is routinely called upon to make and one that demands the type of agency expertise and informed discretion that we generally show great deference towards. Most importantly, it is a determination that DOES is statutorily bound to make before it may assert jurisdiction over a claim.

Section 36–303(a) provides DOES with the authority to determine whether it has jurisdiction over a claim or, if you will, jurisdiction to determine jurisdiction. Sec-

tion 1–1510(a) was not enacted to undermine this delegated power by requiring this court to step in and review, on an interlocutory basis, every case where a party claims that DOES improperly asserted jurisdiction. Rather, we hold that the challenged agency action must be in clear excess or plain contravention of its statutory mandate before this court may assert jurisdiction under section 1–1510(a) to review such action prior to the party's exhaustion of administrative remedies. We conclude that DOES' assertion of jurisdiction in the present case does not fall within the section 1–1510(a) (the *"Kyne"*) exception. The petition for review is dismissed.