WASHINGTON HOSPITAL
CENTER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

No. 95–AA–276.

District of Columbia Court of Appeals.

Argued May 18, 1998.

Decided June 11, 1998.

William S. Sands, Jr. for petitioner.

Edward Schwab, Assistant Corporation Counsel, with whom Jo Ann Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before KING and REID, Associate Judges, and PRYOR, Senior Judge.

REID, Associate Judge:

This case involves a challenge to a decision of the Director of the Department of Employment Services ("DOES") regarding a worker's compensation matter. Washington Hospital Center ("WHC") employed an acute care technician who was attacked and injured by a patient on August 14, 1989. WHC voluntarily paid temporary total disability benefits to the employee from August 15 to August 28, 1989. On February 12, 1991, the employee filed a claim seeking payment of temporary total disability benefits retroactive to August 29, 1989 and forward to the present and continuing. The hearing examiner denied the claim on June 19, 1992, on the ground that it was not timely filed and thus barred by D.C.Code § 36–314(a) (1997). The Director reversed, deciding that the statute of limitations set forth in § 36–314(a) did not begin to run until the employer sent a copy of the report required by § 36–332 to the employee. The Director ordered an intra-agency remand "for findings on when, or if, employer sent a copy of its First Report of Injury . . . to claimant."

WHC challenges the Director's decision on the ground that: (1) he lacked jurisdiction to render it; and (2) he erred in reversing a compensation order of the hearing examiner determining that the statute of limitations, governing the filing of the disability benefits claim at issue in this case, had expired. We conclude that the Director had jurisdiction to review the hearing examiner's compensation order. Moreover, because the Director remanded the matter to the agency for further findings and conclusions of law, there is no final order before us, and thus, we lack jurisdiction to hear the merits of WHC's petition.

### Factual Summary

In an order dated June 19, 1992, the hearing examiner concluded that the statute of limitations for the filing of a claim began to run on August 28, 1989, the last day on which the employer voluntarily paid benefits to the employee. Thus, in the view of the hearing examiner, the employee was required to file her claim no later than August 28, 1990. Because the employee did not file her claim until February 12, 1991, the hearing examiner denied her claim for relief.

On March 6, 1995, the Director of DOES reversed the hearing examiner's order, citing our vacated opinion in *Harris v. Department of Employment Services*, 592 A.2d 1014 (D.C. 1991), *vacated as moot*, 648 A.2d 672 (D.C. 1994). We held in *Harris*, which is no longer binding, that under D.C.Code § 36–314(a), the statute of limitations for filing a claim does not begin to run until the employee has received notice that the employer has filed its injury report. *Id.* at 1018 & n. 7. The employer filed its First Report of Injury with the Office of Workers' Compensation ("OWC") of DOES on or about August 21, 1989. However, the record before us is silent as to whether the employer sent a copy of the injury report to the employee at the time it was filed with OWC, or whether the agency transmitted a copy to the employee. In remanding the matter, the Director stated:

> This matter must be remanded to the Hearings & Adjudication Section [of DOES] for findings on when, or if, employer sent a copy of its First Report of Injury ... to claimant. After making such findings, the Hearing Examiner should make such necessary findings of fact and conclusions of law to resolve claimant's request for benefits.

Prior to any proceedings in the agency after remand, WHC filed an amended petition for review in this court on May 3, 1995, contending that: (1) the hearing examiner's order became final forty-five days after its issuance, and thus, the Director had no jurisdiction to review it; (2) the Director wrongly concluded that an employer must send a copy of the First Injury Report to the injured employee before the limitations period begins

to run; and (3) the Director's order "is otherwise legally incorrect and not supported by substantial evidence of record." We turn now to WHC's first contention.

### ANALYSIS

*The Director's Jurisdiction To Review the Hearing Examiner's Compensation Order*

WHC argues that the Director lacked jurisdiction to reverse the hearing examiner's order because his decision was not made within forty-five days after the hearing examiner's order was issued. WHC contends that the forty-five day period set forth in § 36–322(b)(2) is mandatory and not directory. The District maintains that the forty-five day period is not mandatory.

Section 36–322(b)(2) provides in pertinent part:

> The Mayor is authorized to establish an administrative procedure for review of compensation orders raising a substantial question of law or fact. Application for such review shall be made by any party within 30 days from the date a compensation order is filed.... Final decisions issued pursuant to such review shall be rendered within 45 days from the date of the application and shall be based upon the record of the hearing. If a final decision is not rendered within such 45–day period the compensation order shall be considered a final decision for purposes of appeal....

Section 36–322 is silent as to what happens if there is no appeal and the Director does not issue a decision within the forty-five day period.

If we construe the forty-five day provision in § 36–322(b)(2) as mandatory, the Director had no jurisdiction to issue a decision almost three years after the hearing examiner's order. On the other hand, if we interpret the forty-five day provision as directory, the Director had jurisdiction to decide the matter. We do not approach this issue on a clean slate. We have consistently declared that: "Administrative and judicial efficiency require that all claims be first raised at the agency level to allow appropriate development and administrative response before ju-

dicial review." *Hughes v. Department of Employment Servs.*, 498 A.2d 567, 570 (D.C. 1985). For this reason we have regarded specific statutory time limits for agency action as directory rather than mandatory.

In *Georgetown University Hospital v. Department of Employment Services*, 659 A.2d 832 (D.C.1995), we commented on the forty-five day period at issue in this case, saying: "If the Director does not decide the appeal within 45 days, the compensation order is deemed a 'final decision' for purposes of allowing a party to appeal the compensation order to this court.... Absent such appeal, the compensation order is not final until the Director rules." *Id.* at 834 (citations omitted). These comments were not the holding of the court; however, they are consistent with our cases involving time limits for administrative decisions in other agencies. *See, e.g., In re Morrell,* 684 A.2d 361, 370 (D.C. 1996) (D.C. Bar rule specifying that the hearing committee "shall submit" its report within sixty days presumed to be "directory, rather than mandatory"); *M.B.E.; Inc. v. Minority Bus. Opportunity Com'n,* 485 A.2d 152, 155 n. 1 (D.C.1984) (regulation stating Commission's final decision "must be issued in writing within ninety (90) days" interpreted as "directory, rather than mandatory or jurisdictional").

 Accordingly, we now hold that the forty-five day requirement set forth in § 36–322(b)(2) is directory, not mandatory.[1] Thus, the Director had jurisdiction to consider the employee's challenge to the hearing examiner's compensation order.

*Our Jurisdiction To Review the Merits of the Director's Remand Order*

 Because the Director remanded this matter to the Hearings & Adjudication Section of DOES for factual findings and conclusions of law, we are faced with what is in essence an interlocutory order, and a record devoid of factual findings which, depending on the correctness of the Director's adoption of the *Harris* holding (an issue we do not reach), may be essential to the outcome of this case. In *Bender v. Department of Employment Services,* 562 A.2d 1205 (D.C.1989), we reiterated the importance of the exhaustion principle:

> It is beyond cavil that exhaustion of administrative remedies is a prerequisite to judicial review of agency action absent extraordinary circumstances.... The exhaustion rule was founded upon the practical interests of maximizing judicial and administrative efficiency, and preserving administrative autonomy.... These interests are best served where courts are prevented from prematurely interrupting the administrative process; a process which, if left to run its natural course—to wit, development of a complete factual record, application, in the first instance, of agency expertise and discretion, and perhaps interagency correction—may foreclose the necessity of judicial review.

*Id.* at 1207–08. Here, we are faced with a matter that falls within the exhaustion principle. Potentially critical facts, such as whether the employee received notice of the employer's injury report from the employer or the agency, have yet to be made. The interests of judicial and administrative efficiency and administrative autonomy will not be served if this court attempts to resolve this matter in the absence of an adequate record on appeal. Consequently, because the Director remanded this matter to the Hearings & Adjudication section of DOES for further findings and conclusions, there is no final order before us and we lack jurisdiction to review the merits of WHC's petition.[2] Accordingly, we remand this case to the agency.

*So ordered.*

---

**1.** WHC complains about the administrative and economic implications of our rule. While these complaints may be well taken, § 36–322 is silent as to what should happen if the Director fails to issue his or her review decision within forty-five days. This court is in no position to perform the legislative task of clarifying the statutory provision.

**2.** During oral argument, WHC maintained that this court has jurisdiction under D.C.Code § 1–1510(a) which provides in relevant part:

---

If the jurisdiction of the Mayor or an agency is challenged at any time in any proceeding and the Mayor or the agency, as the case may be, takes jurisdiction, the person challenging jurisdiction shall be entitled to an immediate judicial review of that action, unless the Court shall otherwise hold.

We considered and rejected a similar argument in *Bender, supra.* We said there that, under D.C.Code § 36–303(a), DOES has

the authority to determine whether it has jurisdiction over a claim.... [and that] [s]ection 1–1510(a) was *not* enacted to undermine this delegated power by requiring this court to step in and review, on an interlocutory basis, every case where a party claims that DOES improperly asserted jurisdiction.

*Id.* at 1209–10. Consequently, "we h[e]ld that the challenged agency action must be in clear excess or plain contravention of its statutory mandate before this court may assert jurisdiction under section 1–1510(a) to review such action prior to the party's exhaustion of administrative remedies." *Id.* at 1210. In *Bender,* the agency action was not "in clear excess or plain contravention of [DOES'] statutory mandate." *Id.* Nor is it in this case.