**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**POWER SECURITIES CORP., et al., Defendants.**

**Civ. A. No. 90–S–1579.**

United States District Court, D. Colorado.

April 30, 1992.

Thomas D. Carter, Robert M. Fusfeld, U.S. S.E.C., Denver, Colo.

Gary Jackson, S.E.C., Washington, D.C.

Kathryn Meyer, Martin, McAllister & Murphy, P.C., Denver, Colo.

Leonard E. Davies, Denver, Colo.

Anita M. Posey, pro se.

Christopher C. Cross, John Henry Schlie, Cross & Schlie, P.C., Denver, Colo.

James Kidney, S.E.C., Washington, D.C.

Stanley L. Garnett, Brownstein, Hyatt, Farber & Madden, Denver, Colo.

Charles H. Torres, Denver, Colo.

David F. Noble, pro se.

A. Thomas Tenenbaum, Richard H. Goldberg, Brenman, Raskin, Friedlob & Tenenbaum, Denver, Colo.

Philip E. Pankoff, Mark S. Pierce, Denver, Colo.

John McDermott, Jensen Byrne Parsons & Ruh, Denver, Colo.

Ronald G. Bajorek, pro se.

D. Annette Fields, Fields & Director, Washington, D.C.

Peter F. Mercaldi, pro se.

Raymond Klingenberg, pro se.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on Defendant William F. Masucci's (Masucci) motion for a protective order. The Court held a hearing on the motion on April 28, 1992. Present were the following counsel: Nancy Grunberg, attorney for Masucci, and Gary Jackson, attorney for Plaintiff Securities and Exchange Commission (SEC). Argument was heard, and the motion was taken under advisement.

The SEC alleges that Masucci and others formerly associated with Power Securities Corp. and/or Allied Capital Group, Inc. (Allied Capital) committed numerous violations of federal securities laws. The allegations against Masucci concern fraudulent and misleading sales practices which he allegedly orchestrated and supervised as co-owner of Allied Capital's Pompano Beach, Florida office, as well as his alleged participation in manipulating the securities market for Art Cards, Inc., a greeting card company based in Denver, Colorado.

The United States Attorney has begun a grand jury investigation into possible criminal law violations stemming from the same events which are the subject of this civil suit. The grand jury has not yet handed down any indictments. Masucci is uncertain whether he will be among those eventually indicted. Masucci has requested that this Court enter a protective order postponing his deposition in this case until either: 1) indictments have been returned (or not returned against Masucci) by the grand jury in the pending criminal investigation; or 2) 90 days before the start of trial, whichever is sooner. Masucci argues that such an order is necessary to prevent him from choosing between asserting his Fifth Amendment privilege against self-incrimination and thereby hampering his ability to defend this case,[1] or waiving his Fifth Amendment privilege and testifying fully, even though the grand jury may use such testimony to indict him.

 Any witness in a civil or criminal trial who is himself under investigation or indictment is confronted with the dilemma of choosing to testify or invoking his privilege against self-incrimination. Masucci has no constitutional right to be relieved of this difficult choice. There is no violation of due process where a party is faced with the choice of testifying or invoking the

---

**1.** If Masucci asserts his Fifth Amendment privilege, SEC has indicated it may move to prohibit Masucci from putting on any defense. The Court expresses no opinion as to SEC's likelihood of success in bringing such a motion. In addition, SEC will draw and use at trial a negative inference regarding Masucci's assertion.

Fifth Amendment. *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). Although no constitutional violation occurs in such situations, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem to require such action." *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980) (en banc), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980), quoting *United States v. Kordel*, 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27.

SEC argues that Masucci's motion for a protective order is counter to the well-established principle that prosecution of criminal and civil cases by different agencies of the government should proceed simultaneously because of the agencies' different interests. *See United States v. Kordel*, 397 U.S. at 11, 90 S.Ct. at 769. SEC cites a number of cases which refused to permit stays of discovery pending the conclusion of the parallel criminal matter. *See, e.g., SEC v. Gilbert*, 79 F.R.D. 683 (S.D.N.Y. 1978); *Gellis v. Casey*, 338 F.Supp. 651 (S.D.N.Y.1972).

█ This case, however, differs from the cases cited by SEC, because Masucci does not seek a stay of all discovery, but only a stay of his own deposition. In addition, he does not seek a stay until the criminal matter is resolved. He merely wishes to have the deposition stayed until the grand jury hands down indictments. At that time, Masucci argues, he will be able to make a more informed decision whether to assert his Fifth Amendment privilege at the civil deposition. Counsel for Masucci spoke to the Assistant United States Attorney (U.S. Attorney) involved in the investigation who informed her that it was likely that the grand jury investigation would end sometime in June, 1992. Although, it is not certain that the investigation will conclude at that time, counsel for Masucci believed that she would have some indication, at least, from the U.S. Attorney whether Masucci was likely to be indicted.

The facts and circumstances of this particular case lead the Court to conclude that Masucci's deposition should be postponed until after June, 1992. This case is not scheduled for trial until March, 1993. Masucci is at this time unable to assess his risk of criminal indictment, rendering it difficult for him to make an informed decision as to whether to assert his Fifth Amendment privilege. He must blindly choose whether to assert his constitutional right and thereby impair his civil defense, or waive his right and risk a criminal indictment. By contrast, any prejudice to the SEC as a result of delaying the deposition until after June, 1992, will be minimal. SEC still will have ample time to follow up information gained from Masucci's deposition and prepare for trial. The Court recognizes, however, that additional delays may result in real prejudice to SEC. Masucci has no absolute right to have his deposition stayed. Should the grand jury investigation not terminate by June, 1992 or should Masucci seek additional stays and postponements based on the parallel criminal proceedings, the Court may well reach a different decision.

IT IS THEREFORE ORDERED that Masucci's motion for a protective order is granted, in part, and his deposition shall be postponed until after July 10, 1992; and

IT IS FURTHER ORDERED that Masucci shall supplement his answers to the SEC's interrogatories 10 days prior to the taking of his deposition, if he plans to testify and not invoke his rights under the Fifth Amendment; and

IT IS FURTHER ORDERED that the parties shall bear their own costs and attorney's fees as to this motion.