**M. G. DAVIS & CO., Inc., Lawrence Levine, Walter Wax and Morris Kopel, Plaintiffs-Appellants,**

v.

**Manuel F. COHEN, as Chairman, Byron D. Woodside, Hugh F. Owens, Hamer H. Budge and Francis M. Wheat, as members and Commissioners of the Securities and Exchange Commission, Defendants-Appellees.**

No. 230, Docket 30812.

United States Court of Appeals
Second Circuit.

Argued Oct. 21, 1966.

Decided Nov. 23, 1966.

Irving Galt, New York City (Benjamin Heller, and Kreutzer, Heller, Selman & Galt, New York City, on the brief), for plaintiffs-appellants.

Ellwood L. Englander, Asst. Gen. Counsel, S. E. C., Washington, D. C. (Philip A. Loomis, Jr., Gen. Counsel, and Richard E. Nathan, S. E. C., Washington, D. C. and Joseph C. Daley, Chief Enforcement Atty., New York City, on the brief), for defendants-appellees.

Before WATERMAN, HAYS and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

This is an action against the individual members of the Securities and Exchange Commission[1] by a registered broker-dealer, its two sole stockholders and a securities salesman. The appellants complained that the Commission had unlawfully refused to allow M. G. Davis & Co., Inc. to withdraw as a registered securities dealer-broker under Sec. 15(b) of the Securities Exchange Act of 1934, 48 Stat. 896, as amended by 49 Stat. 1378 (1936), 15 U.S.C. Sec. 78o(b) (1959), and was maintaining proceedings against M. G. Davis & Co., Inc., the individual appellants and others, without having jurisdiction to do so. The appellants demanded that M. G. Davis & Co., Inc. be declared withdrawn from registration and that the Commission be enjoined from maintaining further proceedings against any of the appellants. Accordingly they moved for a preliminary injunction under Rule 65, Fed. R.Civ.P. The Commission, however, cross-moved for summary judgment, and the district court granted its motion. The order entered reflected the trial court's decision on the merits of the legal issues involved that the Commission was not proceeding against the appellants in excess of its jurisdiction.

[1]. Appellants originally brought their action against the Securities and Exchange Commission without naming the individual members of the Commission. The action was dismissed for that reason, because the Commission was an agent of the United States and could not be sued without the consent of Congress. M. G. Davis & Co. v. S. E. C., 252 F.Supp. 402 (S.D.N.Y. 1966). After the dismissal, this action was brought by service of the individual members of the Commission.

The circumstances which gave rise to the case were the following. On May 4, 1964, M. G. Davis & Co., Inc. filed a notice of withdrawal from registration with the Commission's Washington office. Under Rule 15b–6 of the Commission's Rules and Regulations, 17 C.F.R. Sec. 240–15b–6, authorized by Sec. 15(b) of the Securities Exchange Act, 15 U.S.C. § 78o(b), such a notice becomes effective on the thirtieth day after filing, unless the Commission, prior to that date, "institutes a proceeding" to revoke or suspend registration or impose conditions on withdrawal. On June 2, 1964, the last day in which it could act under the rule, the Commission adopted an order to commence private proceedings against M. G. Davis & Co., Inc., to determine whether remedial action was necessary. The following day a notification telegram was sent to M. G. Davis & Co., Inc. and, on June 4, 1964, a copy of the order was mailed. On August 4, 1965, after 15 months of investigation, the Commission instituted public proceedings against the appellants and others, alleging that they had violated Sec. 17(a) of the Securities Act of 1933, 48 Stat. 84, as amended, 15 U.S.C. Sec. 77q (1959) and Sec. 10(b) of the Securities Exchange Act of 1934, 48 Stat. 891, 15 U.S.C. Sec. 78j (1959).

Appellants contended before the district court, as they do here, that the Commission's institution of private proceedings came too late to prevent the withdrawal from becoming effective, because proceedings were not in fact instituted until notice was sent to M. G. Davis & Co., Inc., and therefore the private proceedings were void and could not serve as a jurisdictional basis for the public proceedings against M. G. Davis & Co., Inc.[2] Furthermore, they contend-ed, the amendment to the Securities Exchange Act upon which the Commission's jurisdiction to hold proceedings against the individual appellants depended, Act of Aug. 20, 1964, 78 Stat. 570, adding Sec. 15(b) (7) to the Act, 15 U.S.C. Sec. 78o(b) (7),[3] was not applicable to persons who had committed violations prior to the date of the amendment. The district court decided all of these legal issues on their merits against the appellants and dismissed the complaint, but added " * * * whether for want of subject matter jurisdiction or for failure to state a claim upon which relief can be granted is of no great consequence."

The district court's consideration of the legal issues raised on their merits, of course, presupposes that it had jurisdiction to resolve these issues and grant relief in the event that it should resolve them in favor of the appellants. It is true that the Supreme Court has carved out certain exceptions to its broad statement in Myers v. Bethlehem Shipbuilding Co., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938) that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." 303 U.S. at 50–51, 58 S.Ct. at 463. See, e. g., McCulloch v. Sociedad Nacional, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963); Leedom v. Kyne, 358 U.S. 184, 77 S.Ct. 154, 1 L.Ed.2d 201 (1958); Leedom v. International Union, 352 U.S. 145 (1956); Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954). Cf. Public Utilities Commission v. United Fuel Gas Co., 317 U.S. 456, 63 S.Ct. 369, 87 L.Ed. 396 (1943). Moreover, although the Supreme Court has never authorized the district courts to entertain an action to enjoin proceedings of the Securities and

---

2. No action has ever been taken under the order for private proceedings.

3. "The Commission may, after appropriate notice and opportunity for hearing, by order censure any person, or bar or suspend for a period not exceeding twelve months any person from being associated with a broker or dealer, if the Commission finds that such censure, barring or suspension is in the public interest and that such person has committed [any of an enumeration of violations of the Securities laws]."

Exchange Commission,[4] it has upheld district court jurisdiction in cases involving similar review statutes. Compare, e. g., National Labor Relations Act, Sec. 10(f), 48 Stat. 926 (1934), as amended, 29 U.S.C. Sec. 160(f) (1959) *with* Securities Exchange Act of 1934, Sec. 25, 48 Stat. 901, as amended, 15 U.S.C. Sec. 78y (1959) and see Consolidated Edison Co. v. McLeod, 302 F.2d 354 (2 Cir. 1962) (listing the circumstances in which the district courts have jurisdiction to entertain actions against the National Labor Relations Board). Furthermore, no reason is apparent why Sec. 25 of the Securities Exchange Act[5] is any more impervious to such exceptions than the corresponding review provisions of the National Labor Relations Act or the Defense Production Act of 1950. See Allen v. Grand Central Aircraft Co., supra.

In Leedom v. Kyne, supra, however, the National Labor Relations Board's action was in violation of an explicit statutory prohibition, and in McCulloch v. Sociedad Nacional, supra, in exceeding its jurisdiction, it interfered with United States foreign policy. See also Fay v. Douds, 172 F.2d 720, 721 (2 Cir. 1949) (Board action deprived plaintiff of constitutional right). The question remains open whether a further exception should be created where it is alleged that the Commission proposes to act in an area beyond its prerogatives. But it is not now necessary to decide that issue, because the allegations in this case do not make out the kind or degree of over-stepping of the limits of the Commission's power which would bring

it within such an exception. Even if the appellants were correct in their legal contentions, nevertheless, in neither instance could the Commission be said to have so grossly exceeded its powers as to have, in effect, flouted the will of Congress. In the first of these claims, appellants allege that the institution of the proceedings was not timely. This, at best, was no more than a violation of the Commission's own rule. Instead of 30 days the Commission could, under the statute, have fixed a longer period, or it could have adopted a rule which made it more clear that proceedings were instituted at the moment an order was passed by the Commission. The other claim, if established, would amount to no more than a reasonably possible interpretation of a somewhat ambiguous statute in a manner which would most protect the class which the Commission was established to protect. In neither case could the excess be considered so extreme as to warrant a district court to upset the orderly course of review procedures.

Even if appellants could surmount the jurisdictional hurdle, their action must fail, because they do not allege that they would be irreparably injured if denied relief. In the absence of a clear showing that they would be injured by virtue of the delay inherent in following normal administrative procedures, appellants must exhaust their administrative remedies and seek review in the regular manner. See Petroleum Exploration, Inc. v. Public Service Commission, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294 (1938). Moreover, the usual

4. The only action against the Securities and Exchange Commission decided in the Supreme Court was S. E. C. v. Otis & Co., 338 U.S. 843, (1949) in which the Court reversed without opinion on the basis of Myers v. Bethlehem Shipbuilding Co., supra. See also Schwebel v. Orrick, 102 U.S.App.D.C. 210, 251 F.2d 919, cert. denied 356 U.S. 927, 78 S.Ct. 716, 2 L.Ed. 2d 759 (1958); Okin v. S. E. C., 46 F. Supp. 481 (S.D.N.Y.), affirmed without opinion 130 F.2d 903 (2 Cir. 1942); S. E. C. v. Andrews, 88 F.2d 441 (2 Cir. 1937).

5. "Any person aggrieved by an order issued by the Commission in a proceeding * * * may obtain review of such order in the United States Court of Appeals * * * by filing * * * a petition * * * Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record shall be exclusive, to affirm, modify, and enforce or set aside such order * * * No objections to the order shall be considered by the court unless such objection shall have been urged before the Commission."

factors of litigation expense and frustration due to delay, present in many administrative proceedings, are not such threatened injuries as will satisfy this requirement. As the Supreme Court said in the Petroleum Exploration case, "the expense and annoyance of litigation is part of the social burden of living under government." 304 U.S. at 222, 58 S.Ct. at 841.

The judgment of the district court is affirmed.