Henry GELLIS, Plaintiff,

v.

William J. CASEY et al., Defendants.

No. 72 Civ. 330.

United States District Court,
S. D. New York.

Feb. 8, 1972.

Mitchell & Mina, New York City, for plaintiff; John N. Mitchell, Jr., New York City, of counsel.

Kevin Thomas Duffy, Regional Administrator, S.E.C., New York City, for defendant David J. Markun; John F. X. Peloso, Atty., S. E. C., New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff moves for a preliminary injunction, pursuant to Rule 65, Fed.R. Civ.P., enjoining the Securities and Exchange Commission (SEC) from pro-ceeding against him with an administrative hearing into alleged violations of the securities laws. We granted a temporary restraining order pending decision of the motion for a preliminary injunction.

Plaintiff, a registered securities representative, is one of several defendants in the SEC administrative proceeding. Prior to the commencement of hearings on January 4, 1972, plaintiff was informed by the SEC that the transactions involved in the administrative proceeding had been called to the attention of the United States Attorney for possible presentation to the grand jury. Plaintiff then moved before the SEC hearing examiner for adjournment of the administrative proceeding until all criminal proceedings stemming from the same transactions had been disposed of, or until plaintiff was granted transactional immunity. The hearing examiner denied the motion.

Plaintiff now seeks to enjoin the administrative proceeding as against him, claiming that he would be denied due process because he would be forced to choose between testifying, thus giving the government pretrial discovery of his defenses to the criminal prosecution which has been signaled, or invoking the Fifth Amendment, thus risking loss of his license as a registered representative.

Preliminary or intermediate SEC actions are ordinarily reviewable by the courts of appeal but only upon review of the final agency action, and then only after all administrative remedies have been exhausted. 5 U.S.C. § 704; 15 U.S.C. § 78y. It is clear that by invoking the aid of the district court, plaintiff is not pursuing his administrative remedies.

Plaintiff maintains, however, that immediate relief is required here because he would suffer irreparable injury if forced to choose which course of action to take before he could exhaust his administrative remedies. A district court may correct a preliminary agency

decision when the agency has plainly exceeded its statutory authority or threatens irreparable injury in clear violation of an individual's rights. M. G. Davis & Co. v. Cohen, 369 F.2d 360 (2d Cir. 1966).

We shall, therefore, consider plaintiff's claim on the merits.

■ Plaintiff has no constitutional right to be relieved of the burden of the choice he faces. There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment. United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L. Ed.2d 1 (1970). Any witness in a civil or criminal trial who is himself under investigation or indictment is confronted with the dilemma of choosing to testify or to invoke his privilege against self-incrimination. Nevertheless, he must make the choice despite any extra-legal problems and pressures that might follow. United States v. Simon, 373 F.2d 649 (2d Cir.), vacated on other grounds, Simon v. Wharton, 389 U.S. 425, 88 S. Ct. 577, 19 L.Ed.2d 653 (1967). Consequently, plaintiff's claim of a denial of due process is without merit.

■ Further, plaintiff fails to establish that he would suffer irreparable injury from either choice. He cannot be forced to incriminate himself, and he cannot do so inadvertently because he has received notice of possible criminal action.

■ Plaintiff's claim that he might be damaged in any future criminal prosecution if forced to reveal his evidence in the administrative proceeding is premature. No criminal prosecution has yet been brought against him, although one has been signaled, and for all we know one may never be brought.

■ This is not a case where the government has brought a civil action solely to obtain evidence for its criminal prosecution. *Cf.* United States v. Procter & Gamble Co., 356 U.S. 677, 683–684, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Rather, the SEC, as the agency charged with administering the Securities Acts to protect investors, is merely conducting an ordinary and proper administrative proceeding in good faith. Indeed, instead of using a civil proceeding to garner evidence for use in a criminal prosecution, it has been scrupulously careful to observe fairness standards by warning plaintiff of a possible criminal prosecution against him. The mere possibility of a criminal prosecution, however, is not a sufficient showing for the stay of a civil administrative proceeding against a potential criminal defendant. "It would stultify enforcement of federal law to require a governmental agency . . . invariably to choose either to forego recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial." United States v. Kordel, *supra*, 397 U.S. at 11, 90 S.Ct. at 769.

■ Finally, plaintiff's claim that he faces the possible loss of his license as a registered representative if compelled either to testify or to invoke the Fifth Amendment is too tenuous to constitute a showing of irreparable injury. It is by no means certain that plaintiff's invocation of the Fifth Amendment would result in revocation of his license, and even if it did he would be entitled to full administrative and, ultimately, judicial review. 15 U.S.C. § 78y. Thus, plaintiff fails to establish that his administrative remedies are inadequate.

Accordingly, the motion for a preliminary injunction is denied, and the temporary restraining order heretofore issued is vacated.

The foregoing opinion constitutes this court's findings of fact and conclusions of law, as required by Rule 52, Fed.R. Civ.P.

So ordered.