**INTERNATIONAL WASTE CONTROLS, INC., et al., Plaintiffs,**

**v.**

**SECURITIES AND EXCHANGE COMMISSION et al., Defendants.**

**No. 73 Civ. 2991.**

United States District Court, S. D. New York.

July 24, 1973.

Schwartz, Mermelstein, Burns, Lesser & Jacoby, New York City, for plaintiffs; Allan A. Pines, New York City, of counsel.

Michael A. Macchiaroli, Securities & Exchange Commission, Washington, D. C., for defendants; Richard E. Nathan, Washington, D. C., of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs, International Waste Controls, Inc. ("IWC"), Trans-Delta Corp. ("T–D"), Jack Yetman and Jay Schafrann, proceeding by order to show cause, have moved this Court, pursuant to Fed.R.Civ.P. 65, for a preliminary injunction enjoining defendants Securities and Exchange Commission ("SEC"), Hugh Owens, Philip Loomis and John Evans, Commissioners, from (a) proceeding with an investigation authorized by the SEC into alleged violations of the securities laws, (b) instituting any action against the named plaintiffs or the Security National Bank ("SNB") to enforce subpoenae issued under the order of investigation, or (c) using any information obtained by the SEC from the investigation or from any of the subpoenae served thereunder. Defendants, in turn, have moved this Court, pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6), to dismiss the underlying action.

Briefly, the verified complaint alleges the following facts. On June 1, 1973, the SEC issued an order of investigation pursuant to §§ 8(e) and 20(a) of the Securities Act of 1933, 15 U.S.C. §§ 77h(e) and 77t(a) (1970), and § 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(a) (1970), authorizing an investigation of Yetman, IWC, Timkin C.A. and Financial Planning Associates GMBH to determine whether they, or any other persons, have engaged or are about to engage in actions in violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (1970), §§ 10(b), 12(g) and 13(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78l(g) (1970), and Rules 10b–5, 10b–6 and 13a–1 promulgated thereunder. The order of investigation also appointed Stuart Allen and Fred Berman, among others, as officers of the SEC for the purpose of conducting the investigation. Pursuant to the order of investigation, subpoenae *duces tecum* were served upon plaintiffs Yetman, Schafrann and T–D, and upon SNB.

The gravamen of the complaint— which, in addition to requesting permanent status for the injunctive relief sought *pendente lite*, prays for declaratory relief, damages and the production of a certain "computer run" under the Freedom of Information Act, 5 U.S.C. § 552 (1970)—is that, *upon information and belief,*

> "the aforesaid order of investigation . . . is without legal foundation, the result of bias, prejudice and prejudgment, concerns matters outside the jurisdiction of the Commission (SEC) and is based upon false or misleading information, knowingly, wilfully, and maliciously supplied to the Commission by certain members of its staff, Fred R. Berman and Stuart R. Allen in order to . . . embarrass and otherwise harass the plaintiffs . . . . " (Verified Complaint, ¶ 14.)

In addition, plaintiffs allege that the subpoenae issued under the order fail to state the relevance of the records sought, fail to state the relationship of the persons served to the investigation, fail to limit their scope of inquiry and are oppressive, burdensome and designed solely to harass, embarrass and prejudice the persons served. The complaint

is particularly vehement in its attack on the subpoena served upon plaintiff Schafrann, who is counsel to various plaintiffs and other persons served with subpoenae, claiming that the only purpose of the subpoena was to intimidate him in his role as legal counsel. Finally, plaintiffs contend that the order of investigation and subpoenae issued thereunder are void because both Allen and Berman are biased and prejudiced against plaintiffs.

Jurisdiction to attack the order of investigation and subpoenae is alleged under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (1970). It is this jurisdictional allegation which is the prime target of defendants' motion to dismiss. Plaintiffs assert that § 702 provides this Court with an adequate jurisdictional basis.

"Right of review

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (1970).

Plaintiffs, however, omit any reference to § 704 which provides, in pertinent part,

"Actions reviewable

"Agency actions made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. *A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.*" 5 U.S.C. § 704 (1970) (emphasis added).

■ Ordinarily, orders initiating investigations are interlocutory in nature and are not reviewable until a final order is entered as a result of the investigation, and then only in the Circuit Courts of Appeal. *See, e. g.,* SEC v. Andrews, 88 F.2d 441, 442 (2d Cir.

1937); Gellis v. Casey, 338 F.Supp. 651, 652 (S.D.N.Y.1972); 15 U.S.C. § 78y(a) (1970). It is true, however, that the courts have recognized that under certain extreme circumstances, such orders of investigation may be challenged in the district courts prior to the entry of a final order. *See, e. g.,* M. G. Davis & Co. v. Cohen, 369 F.2d 360, 362–363 (2d Cir. 1966); Gellis v. Casey, *supra,* 338 F.Supp. at 652–653.

■ The Second Circuit, in *Davis,* was confronted with a claim that an SEC investigation was unjustified and that, therefore, the agency should have been enjoined from continuing its investigation. In holding that the district court was without jurisdiction to determine the merits of that controversy, the Court stated:

"[A]lthough the Supreme Court has never authorized the district courts to entertain an action to enjoin proceedings of the Securities and Exchange Commission, it has upheld district court jurisdiction in cases involving similar review statutes. . . . Furthermore, no reason is apparent why Sec. 25 of the Securities Exchange Act is any more impervious to such exceptions than the corresponding review provisions of the National Labor Relations Act or the Defense Production Act of 1950.

\*    \*    \*    \*    \*    \*

"The question remains open whether a further exception should be created where it is alleged that the Commission proposes to act in an area beyond its prerogatives. But it is not now necessary to decide that issue, because the allegations in this case do not make out the kind or degree of overstepping of the limits of the Commission's power which would bring it within such an exception. Even if the appellants were correct in their legal contentions, nevertheless, in neither instance could the Commission be said to have so grossly exceeded its powers as to have, in effect, flouted the will of Congress." 369 F.2d at 362–363.

Thus, the jurisdiction of this Court to entertain suits to enjoin SEC investigations is predicated on allegations to the effect that the SEC "has plainly exceeded its statutory authority or threatens irreparable injury in clear violation of an individual's rights." Gellis v. Casey, supra, 338 F.Supp. at 652–653.

■ To that end plaintiffs have asserted that the allegations supporting the order of investigation are (1) without a basis in fact, (2) are founded upon false and misleading statements deliberately made by members of the staff to the SEC, and (3) that the investigation is intended solely to harass plaintiffs. The first assertion, however, clearly fails to meet the jurisdictional requirement laid down in Davis, i. e., that the SEC has exceeded its statutory authority. Plaintiffs do not claim that the allegations are insufficient to warrant an investigation under the relevant sections of the securities laws. (Tr. at 10.)[1] What they really seek is a determination by this Court that those allegations are unfounded. Yet for this Court to make such a determination would be tantamount to performing the statutory responsibility of the SEC, viz., to conduct investigations into possible violations of the securities laws and to prepare final orders based on the results of those investigations. That is an issue of fact which, in the first instance, must be determined by the SEC. Only then may plaintiffs challenge the factual validity of the SEC's final order pursuant to § 25 of the 1934 Act.

While the second and third claims might, in aggravated cases, warrant judicial interference, it does not appear to this Court, upon examination of all the affidavits and exhibits submitted by both parties, that the instant case exhibits SEC action in excess of its authority.

Although plaintiffs repeatedly claim that the order of investigation was issued upon false representations to the SEC, this Court can find absolutely no support for that claim. Neither the Schafrann nor the Sargent affidavits contain one scintilla of evidence that staff members Allen or Berman or any other person lied to the SEC. Both affidavits are, however, replete with references to allegedly false statements made to West German authorities.

Even if those charges are correct, there is nothing in those affidavits, or in any other of plaintiffs' papers, to indicate that the same false allegations formed the basis of the order of investigation.

Similarly, nothing in plaintiffs' affidavits or exhibits establishes harassment as the sole motive for the investigation. While it is true that Yetman has been investigated several times by the SEC, each investigation seems to have been conducted for good and sufficient reasons. Indeed, plaintiffs admit that in the instant case, reference to Yetman's connection with IWC was omitted from the registration statement. The truth of plaintiffs' claim that the omission was inadvertent is for the SEC, in the first instance, to determine. Furthermore, the mere fact that Schafrann, as attorney for several of the plaintiffs, was the recipient of a subpoena in the instant investigation, is in no way conclusive evidence of an intent to harass. This Court is aware of numerous cases in which attorneys were the subjects of an investigation by the SEC. Even though Schafrann is not named in the caption of the order of investigation, it is perfectly logical that as counsel to Yetman and other plaintiffs he may be in possession of material bearing directly on the question of possible violations of the securities laws. A determination of whether the items sought from him, as well as other plaintiffs, under the subpoenae duces tecum are relevant to the investigation or are protected by some form of privilege must await a

---

1. This refers to the transcript of the argument before the Court on the motion for a preliminary injunction.

subpoena enforcement action for determination.[2]

Plaintiffs further claim that the investigation should be enjoined because the very persons whom they charge with being biased and presenting false information to the SEC will be conducting the investigation. In the first instance, whether any false statements were made to the SEC is, as stated *supra*, far from an established fact. Secondly, plaintiffs' principal evidence of Allen's and Berman's bias are the allegedly false statements made to various West German authorities. Plaintiffs' evidence of these statements is, at best, based upon simple hearsay, and, at worst, based upon multiple levels of hearsay (*see, e. g.*, Wechtenbruch Aff., ¶ 4). This evidence can hardly be accorded significant probative value in the light of Allen's and Berman's sworn affidavits to the contrary.

Additionally, plaintiffs' contention that the SEC acted without a quorum in ordering the investigation is, at this point, no more than mere speculation. The only basis for the assertion is that the Chairman of the SEC resigned prior to the signing of the order and that as of June 1, 1973 no successor had been appointed. Plaintiffs have failed, however, to inform this Court of what number of Commissioners are required for a quorum and whether the Chairman is a necessary member of that quorum.

Finally, plaintiffs have failed to show that they would suffer irreparable damage should the Court deny their motion. The sole basis for their claim of such impending damage is that grievous economic loss may occur as a result of the delay inherent in the investigative process. However, it is well established that this type of loss does not satisfy the irreparable damage requirement. *See, e. g.*, Petroleum Exploration, Inc. v. Public Service Commission, 304 U.S. 209, 222, 58 S.Ct. 834, 82 L.Ed. 1294

(1938); M. G. Davis & Co. v. Cohen, *supra*, 369 F.2d at 363–364.

Accordingly, plaintiffs' motion for a preliminary injunction is denied, and defendants' motion to dismiss for lack of jurisdiction is granted.

So ordered.

2. A major portion of plaintiffs' argument is directed to the issue of whether the items which are to be produced pursuant to the subpoenae *duces tecum* are relevant to the investigation. As stated in the text, this claim is premature and must await a subpoena enforcement action for determination.