STATE of Tennessee, DEPARTMENT OF COMMERCE AND INSURANCE, Elaine McReynolds, Commr., Plaintiff/Appellee,

v.

FIRSTTRUST MONEY SERVICES, INC., Lincoln Investment Properties, Inc., FirstTrust, Inc., Defendants/Appellants.

Court of Appeals of Tennessee,
Western Section.

April 17, 1996.

Permission to Appeal Denied by
Supreme Court Sept. 9, 1996.

Robert S. Patterson, Boult, Cummings, Conners & Berry, Nashville, for defendants/appellants.

Charles W. Burson, Attorney General & Reporter, Jerry L. Smith, Deputy Attorney General, Nashville, for plaintiff/appellee.

HIGHERS, Judge.

This case was filed by the Commissioner of the Department of Commerce and Insurance in the chancery court of Davidson County under the provisions of the Tennessee Financial Records Privacy Act. The Commissioner sought court approval to issue certain subpoenas *duces tecum* incident to an investigation of the defendant financial institutions. The trial court entered an order approving the issuance of the subpoenas and dismissing defendants' counter-claim. Two of the defendants (FirstTrust Money Services, Inc. And Lincoln Investment Properties, Inc.) have appealed. For the reasons stated hereafter, we affirm the judgment of the trial court.

## I. Factual and Procedural Background

In 1990, the State of Tennessee, through the Commissioner of the Department of Commerce and Insurance ("Commissioner"), issued an order of investigation directing an investigation of FirstTrust Money Services, Inc. The Commissioner commenced this investigation after having received complaints regarding the alleged misuse of investor funds in a manner that was inconsistent with the investment objectives of the limited partnership. The order of investigation was amended in 1993 to add as targets of the investigation Lincoln Investment Properties, Inc., FirstTrust, Inc., and several individuals associated with these companies.

In accordance with the order of investigation, the Commissioner issued a subpoena *duces tecum* for the bank records of the defendants. The defendants objected to the issuance of the subpoenas. Consequently, as mandated by T.C.A. § 45–10–106(2), the Commissioner filed a petition for approval to issue the subpoenas.[1] The defendants filed an answer to the petition and filed a counter-complaint, which included allegations that the order of investigation was facially defective and that the order infringed upon defendants' constitutionally protected interests. The defendants also propounded interrogatories, requests for production of documents, and notice of depositions to the Commissioner. Prior to the hearing on the matter, the trial court granted the Commissioner's motion for a protective order as to the requested discovery material and granted the Commissioner's motion to dismiss defendants' counter-complaint. Following a subsequent bench trial, the chancellor approved the issuance of the subpoenas.

On appeal, defendants challenge the trial court's dismissal of their counter-complaint, the trial court's entry of the protective order, and the trial court's approval of the issuance of the subpoenas.

## II. Dismissal of Counter–Complaint

In support of their contention that the trial court erred in dismissing their counter-complaint, defendants have advanced the following arguments: (1) the Commissioner's order of investigation constituted an unconstitutional exercise of state power because it was arbitrary, capricious, and designed to harass the defendants; (2) the order interfered with the defendants' constitutionally protected property interest in their business; (3) the counter-claim properly stated a cause of action for injunctive relief under 42 U.S.C. § 1983 because the amended order of investigation violates the defendants' constitutionally protected right to work; (4) the order contravenes the state statute that requires the order to provide notice for the basis for the investigation; and (5) by publishing the order, the Commissioner violated the statute that affords confidentiality to a private order.

---

1. Pursuant to T.C.A. § 48–2–118(b)(2), the Commissioner is authorized to issue subpoenas to secure documents necessary for investigation into suspected violations of the Securities Act. When a subpoena issued under this section seeks bank records, the subpoena must be issued in accordance with the Financial Records Privacy Act, which provides that if the bank customer objects to the issuance of the subpoena, court approval for the issuance of the subpoena must be obtained. T.C.A. § 45–10–106(2).

The statutes below establish the procedure for the investigation into suspected violations of the Tennessee Securities Act.

48–2–118. **Investigations and subpoenas.**—(a)(1) The commissioner, in the commissioner's discretion, may:

(A) Make such public or private investigations within or outside of this State as the commissioner deems necessary to determine whether or not any person has violated or is about to violate any provision of this part or any rule, regulation, or order hereunder, or to aid in the enforcement of this part . . .

(2) All investigations conducted under this subsection shall be commenced by an order of the commissioner, specifying the specific provision or provisions of this part which may have been or may be about to be violated and the basis for such investigation . . .

(b)(2) For such purposes, the commissioner is authorized to issue a subpoena for any witness or a subpoena duces tecum to compel the production of any books, records, or papers.

T.C.A. § 48–2–118 (1995).

45–10–106. **Service of subpoena on financial institution.**—A subpoena authorizing the production of financial records may be served upon a financial institution only if . . . (2) . . . in the case of a nonjudicial subpoena, the customer has not notified the issuer, within ten (10) days after service of a copy of the subpoena on the customer, that the customer objects to the subpoena, in which case the issuer must petition an appropriate court and obtain approval of such court before issuing such subpoena. . . .

T.C.A. § 45–10–106 (Supp.1995).

The present case was brought pursuant to T.C.A. § 45–10–106(2), which requires court approval for the issuance of a subpoena where the customer of the financial institution whose records are sought objects to the issuance of the subpoena.

■ The Commissioner argues that this court lacks jurisdiction to review the allegations contained in defendants' counter-complaint because the order approving issuance of the subpoenas is not a final order subject to judicial review under T.C.A. § 48–2–120, which provides:

48–2–120. **Judicial Review.**—Any person aggrieved by a final order of the commissioner under this part may obtain judicial review of the order in the chancery court of Davidson County by proceedings in accordance with the Uniform Administrative Procedures Act. . . .

According to the Commissioner, an order of investigation is interlocutory in nature, and there is no statute that would operate to confer jurisdiction on chancery courts. Defendants respond that they have no other available forum in which to challenge the order. Because there exists no other forum, defendants argue, the order of investigation is not interlocutory in nature. Defendants urge this court to exercise jurisdiction over the dismissal of their counter-complaint to prevent the "unbridled exercise of the State's power to intervene in the lives of its citizens from which there is no appeal."

Although we were unable to find any authority on this precise issue decided under the Tennessee Securities Act, several federal cases have addressed the issue under the Federal Securities Act.

Like the Tennessee Securities Act, the Securities and Exchange Act of 1934 § 21(a) allows the Securities and Exchange Commission to issue an order of investigation to determine possible violations of securities laws. 15 U.S.C.S. § 78u(a) & (e) (Supp. 1995). Several federal courts have held that preliminary orders of investigation are not "final orders" subject to judicial review under § 25(a) of the Act, which provides:

(1) A person aggrieved by a final order of the Commission entered pursuant to this title may obtain review of the order in the United States Court of Appeals for the circuit in which he resides.

15 U.S.C.S. § 78y(a) (1993); *SEC v. Andrews*, 88 F.2d 441 (2nd Cir.1937); *International Waste Con. Inc. v. SEC*, 362 F.Supp. 117 (S.D.N.Y.1973), *aff'd*, 485 F.2d 1238; *Gellis v. Casey*, 338 F.Supp. 651 (S.D.N.Y.1972). These courts reason that orders initiating investigations are interlocutory in nature and

may not be judicially reviewed until a final order is entered as a result of the investigation. *International Waste*, 362 F.Supp. at 119. These cases recognize, however, that under extraordinary circumstances, such as where the agency has plainly exceeded its statutory authority or threatens irreparable injury in clear violation of an individual's rights, an order may be challenged prior to the entry of a final order. *Gellis*, 338 F.Supp. 651; *International Waste*, 362 F.Supp. 117.

Similarly, Tennessee law has recognized this exception to the general rule that only final orders are reviewable. In *Wolcotts Financial Services, Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn.App.1990), the court held that a cease and desist order issued by the Commissioner of Commerce and Insurance was not a final order under the Uniform Administrative Procedure Act. *Id.* at 713. The court stated:

> There is authority for judicial intervention when the actions or inaction of an administrative agency present a clear case of arbitrary disregard of the rights of a citizen by an administrative agency ... Absent such an extraordinary circumstance, the general rule is that the courts will not undertake review of an administrative dispute until a final decision has been rendered by the administrative agency.

*Id.* at 712–13.

In the present case, we find no evidence that the Commissioner has acted in excess of her authority or any persuasive indication that defendants may suffer irreparable injury if required to produce their bank records. We also reject as inapplicable defendants' contention that we should assume jurisdiction over their counter-claim pursuant to any exception to the general rule that chancery courts are without jurisdiction to enjoin the enforcement of state criminal laws. All additional arguments advanced by defendants relating to the counter-claim we find to be without merit.

We therefore affirm the judgment of the trial court dismissing defendants' counter-claim, but for a different reason than that given by the trial court. Whereas the trial court dismissed for failure to state a claim

upon which relief can be granted, we dismiss for lack of subject matter jurisdiction.

## III. Subpoena

■ Defendants' second main issue on appeal is whether the trial court erred in holding that the Commissioner met its burden of establishing the requisites necessary for the issuance of the subpoenas.

■ When a subpoena is challenged, the Commissioner must demonstrate to the court that:

(1) the investigation will be conducted pursuant to a legitimate purpose,

(2) that the inquiry may be relevant to that purpose,

(3) that the information sought is not already within the commissioner's possession, and

(4) that the administrative steps required have been followed.

*State, Department of Revenue v. Moore*, 722 S.W.2d 367 (Tenn.1986) (quoting *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)).

We agree with the trial court that the Commissioner met the burden of establishing the above requisites. At the hearing, Robert E. Moore, Jr., chief counsel for the state of Tennessee, Securities Division, testified as to the basis, nature, and purpose of the order of investigation. Moore testified that the department began to receive investor complaints about FirstTrust in 1990, and that the complaints continued through 1993. He stated that the complaints related to improper sales practices of FirstTrust, inaccurate or insufficient information about the products being purchased, and tax relief. As a result of these complaints, an investigation was commenced in 1992. Moore testified that the purpose of the subpoenas was to trace the flow of funds among the partnerships in order to determine whether certain loans that were made between the partnerships complied with the partnerships' investment objectives. Moore testified that the bank records sought are not in the state's possession and had not been previously requested. Moore also testified that the Commissioner

complied with all procedural requisites for issuance of subpoenas. After examining the record, we agree that the Commissioner complied with all administrative steps required to effectuate the issuance of a subpoena.

Finally, we reject defendants' contention that the amended order of investigation was facially defective. The amended order states with sufficient particularity the provisions of the Securities Act that defendants are suspected of having violated and the grounds for the suspected violations.

It has been well stated that:

> [a] decision to enter into a field of commercial activity that is validly regulated by government entails an implicit contract in which the private party agrees to observe standards and practices imposed by government. This arrangement should be hollow and unworkable if government could not effectively probe into questions of compliances and breach. One necessary corollary of the relationship is, therefore, that those who engage in these activities have implicitly contracted to open their books to the government and also have agreed to be examined as to the conduct of these activities, at least when government has some basis for conducting an inquiry.

Graham Hughes, *Administrative Subpoenas and the Grand Jury: Converging Streams of Criminal and Civil Compulsory Process*, 47 VAND.L.REV. 573, 584 (1994).

Accordingly, we affirm the trial court's judgment approving the issuance of the subpoenas.

### IV. Protective Order

Defendants' final issue is that the trial court erred in limiting discovery in the present case. Defendants sought to procure through discovery a wide range of information concerning documents and potential witnesses. The trial court entered a protective order in favor of the Commissioner, reasoning that to allow further discovery would be unwarranted, would delay the proceedings, and would interfere with the Commissioner's authority to issue investigative subpoenas.

The granting or denying of a protective order relative to discovery procedures rests within the sound discretion of the trial court. *Loveall v. American Honda Motor Co.*, 694 S.W.2d 937 (Tenn.1985). Our review of the record reveals no such abuse.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to defendants, for which execution may issue if necessary.

CRAWFORD, P.J., W.S., and FARMER, J., concur.