IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 12, 2001

## CHARLES MONTAGUE v. MICHAEL D. KELLUM

**Appeal from the Circuit Court for Washington County**
**No. 7877     Thomas J. Seeley, Judge**
**FILED MAY 17, 2001**

**No. E2000-02732-COA-R3-CV**

In this legal malpractice action, the Trial Court granted summary judgment to the Defendant, Michael D. Kellum ("Defendant"). Defendant submitted a Rule 56.03 statement and the affidavit of an expert witness in support of his motion. Charles Montague ("Plaintiff"), did not file either a Rule 56.03 response or a contravening affidavit. Prior to deciding Defendant's motion, the Trial Court stayed Plaintiff's discovery until it decided Defendant's motion. Plaintiff, who is incarcerated, had previously served discovery requests upon Defendant which had not been answered. Plaintiff appeals. We vacate the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Vacated; and Case Remanded**.

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Charles Montague, *pro se* Appellant, Mountain City, Tennessee.

James A. Nidiffer, Johnson City, Tennessee, for the Appellee, Michael D. Kellum.

**OPINION**

**Background**

This appeal results from the Trial Court's granting summary judgment to Defendant. Plaintiff, who is incarcerated, filed a Complaint alleging legal malpractice stemming from Defendant's representation of him in a post-conviction proceeding. Plaintiff alleges a number of

bases for his claim, including that Defendant, who was court-appointed, failed to follow the mandate of Tenn. Code Ann. § 40-30-204(e), which requires that a post-conviction petition or amended petition be verified under oath. By the time Defendant was appointed as counsel, Plaintiff, acting *pro se*, had filed a post-conviction petition which did not comply with Tenn. Code Ann. § 40-30-204(e), because it was not properly verified under oath. Defendant filed an Amended Petition ("Amended Petition") on behalf of Plaintiff which also failed to comply with Tenn. Code Ann. § 40-30-204(e), because it was not verified under oath.

At the post-conviction hearing, the Criminal Court for Washington County, despite the Amended Petition's lack of statutory compliance, considered the grounds raised in the Amended Petition and dismissed Plaintiff's post-conviction claim. In its Order, the Criminal Court held that the Amended Petition did not comply with Tenn. Code Ann. § 40-30-204, because it was not verified under oath and did not state facts to support allegations that would require setting the matter for hearing. The Criminal Court held that the petition was without merit.

Plaintiff filed his legal malpractice Complaint against Defendant in January 2000. Plaintiff served Defendant with Requests for Admission in April 2000. A few days later, Defendant filed his Motion to Dismiss based upon Tenn. R. Civ. P. 12(b)(6). Plaintiff then served Defendant with a pleading captioned "Motion for Production of Documents" which was essentially a Tenn. R. Civ. P. 34 Request for Production of Documents. Next, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss. Although inartfully drafted, Plaintiff outlined the as-yet unanswered discovery requests as the basis of his motion. The record on appeal, contains no order adjudicating this motion.[1]

On the date that the Motion to Dismiss was set for hearing, Defendant filed a Motion for Extension of Time to respond to Plaintiff's discovery requests, asking that the time be extended until after the Trial Court decided his Motion to Dismiss. Defendant's response to the Requests for Admission was due a few days later. The Trial Court granted Defendant's Motion for Extension of Time, ordering that Plaintiff's discovery was stayed until after the Trial Court decided Defendant's Motion to Dismiss. On the same date, the Trial Court took under advisement Defendant's Motion to Dismiss. In spite of the Trial Court's order staying Plaintiff's discovery, Defendant, however, responded to Plaintiff's Request for Production of Documents in July 2000. The Requests for Admission remained unanswered by Defendant.[2]

Before the Trial Court decided Defendant's Motion to Dismiss, Defendant asked the Trial Court to convert his Motion to Dismiss to a Motion for Summary Judgment. Defendant filed

---

[1] After Defendant filed his Motion to Dismiss, Plaintiff filed a motion to amend his complaint along with an amended complaint to which Defendant objected. The record on appeal, however, does not contain an order deciding Plaintiff's motion to amend his complaint.

[2] Plaintiff contends in his brief that he also served interrogatories on Defendant in June 2000, to which Defendant did not respond. These discovery requests are attached only as an appendix to Plaintiff's appellate brief and are not contained in the record on appeal.

the affidavit of a local attorney in support of his Motion for Summary Judgment. The affidavit stated that it was the local attorney's opinion that Defendant did not deviate from the applicable standard of care for attorneys practicing within the local community. Defendant, in his Tenn. R. Civ. P. 56.03 Statement of Undisputed Facts, does not admit outright that he failed to prepare properly the Amended Petition but, instead, states that the trial court dismissed the Amended Petition, in part, because it was not properly sworn to.

The Trial Court granted Defendant's Motion for Summary Judgment. In its Order dismissing Plaintiff's legal malpractice claim, the Trial Court held that notwithstanding Defendant's failure to comply with Tenn. Code Ann. § 40-30-204(e), the Criminal Court found the Amended Petition to be without merit, and, therefore, Plaintiff suffered no damages from the Amended Petition not being verified under oath. The Trial Court further held that there was no proof that Defendant deviated from the applicable standard of care. Additionally, the Trial Court held that Plaintiff's Complaint was frivolous. Plaintiff appeals. We vacate the Trial Court's grant of summary judgment.

## Discussion

Although not stated exactly as such, the following issues are raised on appeal: (1) that the Trial Court erred in granting summary judgment to Defendant because there are genuine issues of material fact regarding whether Defendant's conduct breached the applicable standard of care for attorneys; (2) that the Trial Court erred when it stayed Plaintiff's discovery until after it decided Defendant's Motion to Dismiss/Motion for Summary Judgment; (3) that this matter should be stayed while Plaintiff's appeal of his post-conviction petition is decided; and (4) that the Trial Court erred in finding that his legal malpractice claim was frivolous.

On appeal, Defendant contends that the Trial Court correctly held that he was entitled to summary judgment because there was no proof that Plaintiff suffered any damages as a result of Defendant's error in preparing the Amended Petition and no proof that Defendant deviated from the applicable standard of care of attorneys. Defendant also argues that the Trial Court did not abuse its discretion in suspending discovery in this matter. Finally, Defendant contends that Plaintiff's appeal is frivolous.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04

provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89; *see also Madison v. Love*, No. E2000-01692-COA-RM-CV, 2000 WL 1036362, at * 2 (Tenn. Ct. App. July 28, 2000) (holding that "[m]aterial supporting a motion for summary judgment must do more than 'nip at the heels' of an essential element of a cause of action; it must negate that element").

The crux of Plaintiff's claim is based upon a legal malpractice theory. Our Supreme Court outlined the elements of proof required to establish a legal malpractice claim as follows:

> The plaintiff in a malpractice case must prove that the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction . . . . In addition, the plaintiff must demonstrate a nexus between the negligence and the injury.

*Sanjines v. Ortwein and Assoc., P.C.*, 984 S.W.2d 907, 910 (Tenn. 1998) (citations omitted). Although expert proof generally is required to establish the applicable standard of care and that the attorney's conduct fell below the applicable standard of care, it is not required "'in cases involving clear and palpable negligence . . . .'" *Lazy Seven Coal Sales, Inc. v. Stone & Hinds*, 813 S.W.2d 400, 406 (Tenn. 1991) (citations omitted); *see also Bursack v. Wilson*, 982 S.W.2d 341, 343 (Tenn. Ct. App. 1998) (citations omitted) (holding that "'expert testimony is required to establish negligence and proximate cause . . . unless the alleged malpractice is within the common knowledge of laymen'").

In this matter, Defendant submitted, in support of his Motion for Summary Judgment, the affidavit of a local attorney who stated that Defendant's conduct did not deviate from the applicable standard of care. The record on appeal shows that Plaintiff did not submit a counter-affidavit from an expert witness. Plaintiff also failed to file the required response to Defendant's Rule 56.03 Statement of Undisputed Material Facts.

In most legal malpractice cases, as the Trial Court found in this case, a plaintiff's failure to contravene an expert's affidavit filed in support of a motion for summary judgment would be fatal to his claim. *See, e.g., Bursack v. Wilson*, 982 S.W.2d 343-45; *Hasek v. Holt*, No. 03A01-9706-CV-00210, 1998 WL 2505, at * 3 (Tenn. Ct. App. Jan. 6, 1998); *Bradfield v. Cole*, No. 02A01-9707-CV-00171, 1998 WL 79886, at * 2-3 (Tenn. Ct. App. Feb. 26, 1998). This Court, however, is at a loss as to how Defendant's undisputed failure to follow the clear requirement of Tenn. Code Ann. § 40-3-204(e), that a post-conviction petition must be verified under oath, does not constitute a failure to comply with the applicable standard of care. In fact, although this issue is not raised specifically on appeal, we note that Plaintiff may not need expert proof to establish that Defendant's undisputed failure to verify under oath the Amended Petition did not meet the applicable standard of care. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds*, 813 S.W.2d at 406; *Bursack v. Wilson*, 982 S.W.2d at 343. Such a determination, however, does not relieve Plaintiff from the necessity of proving damages resulting from the failure to verify under oath the Amended Petition.

In Plaintiff's post-conviction hearing, the Criminal Court considered the Amended Petition on its merits, despite its not being sworn to, and dismissed it. In this matter, the Trial Court held that Defendant's conduct had no bearing on the final outcome of Plaintiff's post-conviction petition since the Amended Petition was considered on its merits, and, therefore, Plaintiff sustained no damages from Defendant's failure to comply with Tenn. Code Ann. § 40-3-204(e).

The Trial Court also held there was no proof in the record that Defendant had deviated in any way from the applicable standard of care required of him. As discussed above, we

believe there is at least a genuine issue as to whether or not Defendant's failure to have the Amended Petition verified under oath deviated from the applicable standard of care. We also recognize that there is no dispute from the record before us that that possible violation of the applicable standard of care resulted in no damages to Plaintiff. Other than that possible violation, the record contains no proof that Defendant deviated in other way from the applicable standard of care.

Our inquiry, however, cannot end with our review of the Trial Court's granting of Defendant's Motion for Summary Judgment based upon the record then before it. If that were the only issue on appeal, we would affirm the Trial Court. *See* Tenn. R. Civ. P. 56.04; *Madison v. Love*, 2000 WL 1036362, at * 2. On appeal, Plaintiff also questions the Trial Court's order that completely blocked Plaintiff's attempts at discovery before it ruled on Defendant's Motion to Dismiss/Motion for Summary Judgment. We agree with Plaintiff that the Trial Court erred in prohibiting Plaintiff's discovery in this matter before it ruled on Defendant's motion and, we, therefore, vacate the Trial Court's grant of summary judgment.

A trial court's decision to limit discovery is discretionary and subject to an abuse of discretion review by this Court. *See Marcus v. Marcus,* 993 S.W.2d 596, 601 (Tenn. 1999); *State, Dep't of Commerce and Ins. v. FirstTrust Money Serv., Inc.*, 931 S.W.2d 226, 230 (Tenn. Ct. App. 1996). Therefore, we will not reverse a trial court's decision regarding discovery matters unless it "'affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining.'" *Marcus v. Marcus,* 993 S.W.2d at 601 (citations omitted).

This Court has addressed the policy of the Tennessee Rules of Civil Procedure regarding discovery as follows:

> The Tennessee Rules of Civil Procedure embody a broad policy favoring the discovery of any relevant, non-privileged evidence.

> \* \* \* \* \* \*

> In light of the rules' broad policy favoring discovery, the party opposing discovery must demonstrate with more than conclusory statements and generalizations that the discovery limitations being sought are necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .' A trial court should decline to limit discovery if the party seeking the limitations cannot produce specific facts to support its request.

> A trial court should balance the competing interests and hardships involved when asked to limit discovery and should consider whether less burdensome means for acquiring the requested information are available . . . . If the court decides to limit discovery, the

-6-

reasonableness of its order will depend on the character of the information being sought, the issues involved, and the procedural posture of the case.

*Duncan v. Duncan*, 789 S.W.2d 557, 560-61 (Tenn. Ct. App. 1990) (citations omitted).

Balanced against this liberal discovery policy are the limits placed upon a prisoner's right to pursue a civil action while incarcerated. Both our Supreme Court and the United States Supreme Court have recognized a prisoner's constitutional right to pursue a civil lawsuit during incarceration, but with limitations. *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948); *Sanjines v. Ortwein &* Assoc., 984 S.W.2d at 910 (quoting *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975) (holding that this right is "'qualified and restricted'").[3] In addition, this Court has recognized that the trial court may impose "appropriate limitations" on the scope and manner of the discovery of a prisoner who has brought a civil lawsuit. *Bradfield v. Dotson*, No. 02A01-9707-CV-00152, 1998 WL 63521, at * 3 (Tenn. Ct. App. Feb. 17, 1998) (holding that the trial court may limit discovery to means that are "'less problematic'" and "not 'highly disruptive of prison administration'") (quoting *Bell v. Godinez*, 92 C 8447, 1995 WL 519970, at * 2 (N.D. Ill. Aug. 30, 1995)). Further, Rule 26 of the Tennessee Rules of Civil Procedure provides that in any civil matter, trial courts may "limit discovery that is unreasonably burdensome, duplicative, or cumulative in relation to the positions of the parties or the issues asserted." *Ahkeen v. Parker*, No. W1998-00640-COA-R3-CV, 2000 WL 52771, at * 8 (Tenn. Ct. App. Jan. 10, 2000) (citing Tenn. R. Civ. P. 26.02(1)).

A previous decision of this Court, *Bradfield v. Dotson*, 1998 WL 63521, at * 3, is instructive. In *Bradfield*, this Court reversed the trial court's grant of summary judgment to the defendants where the plaintiff, a *pro se* prisoner, previously filed a motion to compel discovery. *Id.,* at * 1-2. The *Bradfield* court found that the trial court erred when it failed to consider the plaintiff's motion to compel discovery before granting the defendants' motion for summary judgment. *Id.*, at * 3. The court in *Bradfield* held that discovery could be "limit[ed] . . . to that which is pertinent to the [d]efendant's motion for summary judgment, and may weigh the plaintiff's interests against the institutional concerns of the [c]orrectional [f]acility." *Id.*; *see also Thompson v. Hammond*, No. 02A01-9808-CV-00221, 1999 WL 188292, at * 5-6 (Tenn. Ct. App. Apr. 6, 1999) (reversing the trial court's grant of summary judgment where the *pro se* prisoner's discovery requests were unanswered and where the trial court failed to consider plaintiff's motion to compel discovery); *Sweatt v. Compton*, No. 02A01-9710-CV-00252, 1999 WL 43290, at * 8 (Tenn. Ct. App. Feb. 2, 1999) (reversing summary judgment where the trial court did not permit adequate discovery for the *pro se* prisoner's Eighth Amendment claim before granting defendants' motion for summary judgment).

---

[3] It should be noted the holding of *Whisnant v. Byrd*, that a prisoner has a constitutional right to a stay of his civil proceedings while his criminal conviction is being appealed, was overruled by *Sanjines v. Ortwein & Assoc.,* 984 S.W.2d at 910. *See also Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000) (holding that an inmate had no absolute right to have his civil litigation stayed until his release or to be present for each stage of the case's proceedings).

In addition, this Court has recently recognized the importance of allowing a plaintiff to engage in discovery so that the plaintiff has a chance to defend himself against a pending motion for summary judgment. *Conger v. Gowder*, No. E2000-01584-COA-R3-CV, 2001 WL 301155, at * 5 (Tenn. Ct. App. Mar. 29, 2001) (no appl. perm. app. filed as of date of this opinion) (holding that "[s]ince it is the defendant – and not the plaintiff – who has the initial burden on summary judgment, generally speaking the plaintiff has the right to test the defendant's supporting affidavits by careful cross-examination during a discovery deposition"). This Court in *Conger* vacated the trial court's grant of summary judgment to the defendant where the trial court blocked the plaintiff's discovery efforts by granting the defendant a protective order. *Id.*, at *6.

In the case at hand, we hold that the Trial Court erred in blocking Plaintiff's discovery before it issued its decision regarding Defendant's Motion to Dismiss/Motion for Summary Judgment. In its order staying discovery, the Trial Court did not find that Plaintiff's discovery requests to Defendant would disrupt or concern any institutional interests of the correctional facility where Plaintiff is incarcerated. *See*, *e.g.*, *Bradfield v. Dotson*, 1998 WL 63521, at * 3. Moreover, neither the Trial Court nor Defendant cited any of the reasons for limiting discovery outlined in Tenn. R. Civ. P. 26.02(1) and 26.03. Defendant's only stated basis for asking the Trial Court to halt discovery was that his Motion to Dismiss was being taken under advisement by the Trial Court shortly before Defendant's answers to Plaintiff's discovery requests were due. Finally, the record on appeal contains no order showing that the Trial Court considered Plaintiff's request for more time to respond to Defendant's Motion to Dismiss, wherein Plaintiff cited his outstanding discovery requests as the basis for his request. *See id.*, at * 3; *Thompson v. Hammond*, 1999 WL 188292, at * 5-6. As a result of the Trial Court's decision, Plaintiff was denied any opportunity to engage in relevant discovery prior to the dismissal of his case and was consequently denied any real opportunity to defend against Defendant's motion. *See Conger v. Gowder,* 2001 WL 301155, at *5.

This Opinion in no way gives Plaintiff on remand any broader rights to discovery than those created under the Tennessee Rules of Civil Procedure. Plaintiff, any plaintiff, deserves the opportunity to undertake timely and relevant discovery in compliance with the Tennessee Rules of Civil Procedure in order to defend against a motion for summary judgment. On remand, the Trial Court, if so requested by Defendant, may limit Plaintiff's discovery to that which is pertinent to Defendant's Motion for Summary Judgment.

Plaintiff also contends that the Trial Court should have stayed the proceedings of this case during the pendency of his post-conviction appeal. The record on appeal, however, shows that Plaintiff did not request such a stay at the trial level. As this Court noted in *Smith v. Harriman Util. Bd.*, 26 S.W.3d 879 (Tenn. Ct. App. 2000):

> 'Our jurisdiction is appellate only, T.C.A. § 16-4-108(a)(1), and thus the rule has long been well-settled that [t]his Court can only consider such matters as were brought to the attention of the trial court and acted upon or [pretermitted] by the trial court.

* * * * * *

> This issue was not addressed by the trial judge or pretermitted by
> him; it cannot be raised for the first time on appeal.'

*Smith*, 26 S.W.3d at 887 (alterations in original) (quoting *Stewart Title Guar. Co. v. F.D.I.C.,* 936 S.W.2d 266, 270-71 (Tenn. Ct. App. 1996)).  As it appears that Plaintiff raises this issue for the first time on appeal, we will not address it further.

Since Plaintiff is partially successful in this appeal, we reject Defendant's argument that Plaintiff's appeal is frivolous.  *See* Tenn. Code Ann. § 27-1-122; *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (holding that a "frivolous appeal is one that is 'devoid of merit,'. . . or one in which there is little prospect that it can ever succeed").

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as may be required consistent with this Opinion, and for collection of the costs below.  The costs on appeal are assessed against the Appellee, Michael D. Kellum, and his surety, if any.


_____
D. MICHAEL SWINEY, JUDGE