IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 21, 2015 Session

# HISTORIC SYLVAN PARK, INC., ET AL. v. METROPOLITAN GOVERNMENT OF NASHVILLE, DAVIDSON COUNTY, TENNESSEE, ET AL.

### Appeal from the Chancery Court for Davidson County
No. 141195IV     Claudia Bonnyman, Chancellor

_____

### No. M2014-02254-COA-R3-CV – Filed September 29, 2015
_____

Residents of the Sylvan Park neighborhood of Nashville filed a petition for writ of certiorari, seeking review of a decision by the Metropolitan Planning Commission to recommend that the Metropolitan Council disapprove an ordinance which would expand the historic conservation overlay district in the neighborhood. The Planning Commission moved to dismiss the petition, asserting that the Planning Commission's decision "was only a recommendation and not a 'final order' from which an appeal may be taken with a writ of certiorari." The court granted the motion, holding that the decision by the Planning Commission was not a final order, and thus the court lacked subject matter jurisdiction. Residents appeal. Because the Metropolitan Council must take further action on the Planning Commission's recommendation before the zoning ordinance is enacted, the decision of the Planning Commission is not a final order or judgment for purposes of judicial review; accordingly, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Larry Woods and Allen Woods, Nashville, Tennessee, for the appellants, Historic Sylvan Park, Inc. and John Summers.

Saul Solomon, Director of Law; J. Brooks Fox and Catherine J. Dundon, Nashville, Tennessee, for the appellees, Metropolitan Government of Nashville and Davidson County, Tennessee, and Metropolitan Planning Commission.

**OPINION**

I. FACTS AND PROCEDURAL POSTURE

On June 3, 2014, Ordinance No. BL2014-807, intended to expand the historic Conservation Overlay District for the Park Elkin section of Sylvan Park, was introduced before the Metropolitan Council, where it passed on first reading; pursuant to Metropolitan Code § 17.40.070,[1] the ordinance was referred to the Metropolitan Planning Commission ("Planning Commission") for consideration and recommendation. On June 26 the Planning Commission voted by a 4-2 vote to disapprove the proposed overlay expansion; the vote of the Planning Commission triggered the requirement at § 18.02 of the Metropolitan Charter that the ordinance get a two-thirds vote of the Metropolitan Council in order to pass. On July 1, a public hearing was held by the Council and the ordinance deferred indefinitely.

Historic Sylvan Park, an organization comprised of homeowners and residents of Sylvan Park, along with John Summers, a homeowner (collectively, "Residents"), filed a Verified Petition for Writ of Certiorari and Equitable Relief on August 14 in Davidson County Chancery Court, seeking review of the decision by the Planning Commission. The petition also raised claims under the Fourteenth Amendment to the United States Constitution, Article I, Section 8 of the Tennessee Constitution, and 42 U.S.C. §§ 1983 and 1988. The Planning Commission moved to dismiss the petition for lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02(1) and for failure to state a claim for relief pursuant to Rule 12.02(6). The court granted the motion, holding that it "lacks subject matter jurisdiction over th[e] matter because the Planning Commission's recommendation is not a final order as required by Tenn. Code Ann. § 27-9-101." In a separate order, the court held "[b]ecause the Court lacks jurisdiction to hear this writ of certiorari…the constitutional claims under §42 U.S. Code § 1983 and 1988 must be dismissed."

Residents appeal, contending that the Planning Commission's recommendation is a final decision for purposes of judicial review as required by Tenn. Code Ann. § 27-9-101.

II. ANALYSIS

Tenn. Code Ann. §27-9-101 provides for judicial review of decisions by boards and commissions; in relevant part, the statute allows that "[a]nyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state

---

[1] Metropolitan Code § 17.40.070 states in relevant part: "The planning commission shall review and make recommendations to the metropolitan council on proposed amendments to this Zoning Code and the official zoning map as provided in Section 18.02 of the Metropolitan Government Charter."

may have the order or judgment reviewed by the courts." A decision or action by a board or commission that is not final is "not subject to judicial review under the common law writ of certiorari." *Walker v. Metro. Bd. of Parks and Recreation*, No. M2007-01701-COA-R3-CV, 2009 WL 5178435, *9 (Tenn. Ct. App. Dec. 30, 2009) (citing *State Dep't. of Commerce v. FirstTrust Money Servs.*, 931 S.W.2d 226, 228-29 (Tenn. Ct. App. 1996). We begin by examining the procedure for the council's consideration of zoning ordinances as set forth in the Metropolitan Charter and the Metropolitan Code.

Power to enact zoning laws is granted to local legislative bodies, such as the Metropolitan Council, pursuant to Tenn. Code Ann. § 13-7-101(a)(1).[2] Section 3.05 of the Charter of the Metropolitan Government of Nashville and Davidson County states that "the council shall exercise its legislative authority only by ordinance…" Section 18.02 of the Charter sets forth the procedure by which the Metropolitan Council enacts, revises, or modifies zoning ordinances:

> Zoning regulations shall be enacted by the council only on the basis of a comprehensive plan prepared by the metropolitan planning commission in accordance with the applicable state laws and as provided in section 3.05 of this Charter.
>
> Any revision, modification or change in the zoning regulations of the metropolitan government as provided in this section shall be made only by ordinance. Where a proposed ordinance revises, modifies, or changes the zoning regulations and is not accompanied at introduction by a favorable recommendation of the metropolitan planning commission, a copy thereof shall be promptly furnished by the metropolitan clerk to said planning commission, and the same shall not be passed on second reading until the recommendation of said planning commission with respect to the proposal has been received or thirty (30) days have elapsed without such recommendation. No ordinance making any revision, modification or change in the zoning regulations which has been disapproved by the metropolitan planning

---

[2] Tenn. Code Ann. § 13-7-101(a)(1) states, in pertinent part: "The county legislative body of any county is empowered, in accordance with the conditions and the procedure specified in this part, to regulate, in the portions of such county which lie outside of municipal corporations, the location, height and size of buildings and other structures, the percentage of lot which may be occupied, the sizes of yards, courts, and other open spaces, the density and distribution of population, the uses of buildings and structures for trade, industry, residence, recreation or other purposes, and the uses of land for trade, industry, residence, recreation, agriculture, forestry, soil conservation, water supply conservation or other purposes, and identify areas where there are inadequate or nonexistent publicly or privately owned and maintained services and facilities when the planning commission has determined the services are necessary in order for development to occur."

commission shall be finally passed or become effective unless it shall be adopted by a two-thirds majority of the whole membership of the council and also then be approved by the metropolitan mayor, with a three-fourths majority of the whole membership of the council required to override a veto.

The Zoning Code for the Metropolitan Government is contained at Title 17 of the Metropolitan Code; pursuant to Chapter 17.40.070, the Planning Commission's role, as pertinent to this appeal, is to "review and make recommendations to the metropolitan council on proposed amendments to this Zoning Code and the official zoning map as provided in §18.02 of the Metropolitan Government Charter."

Residents contend that the Planning Commission's recommendation triggered the two-thirds voting requirement as set forth in § 18.02, and that, because there is no mechanism by which to appeal the two-thirds voting requirement, the Planning Commission's decision "is a final order, subject to review by certiorari." We do not agree.

The Planning Commission has an advisory role in the zoning process in the Metropolitan Government. *See Family Golf of Nashville v. Metropolitan Gov't of Nashville*, 964 S.W.2d 254, 259 (Tenn. Ct. App. 1997); Metropolitan Charter § 18.02. The significance of the Planning Commission's role, where it has voted to disapprove a zoning change, was explained in *Family Golf*:

> [W]e view Section 18.02 as clear confirmation of the important advisory role the Metropolitan Planning Commission plays in the control of the use of land in Nashville. By requiring a super-majority of the Metropolitan Council to override the planning commission's disapproval of a proposed zoning change, the Charter Commission intended to protect against random or ad hoc zoning and to ensure that the Metropolitan Council takes the carefully crafted general plan seriously.

964 S.W.2d at 259. In light of the specific role assigned to the Planning Commission, and because, as set forth in Metropolitan Charter § 18.02, further action by the Council is needed in order for the proposed ordinance to be enacted, the Planning Commission's recommendation cannot be considered "a final order or judgment."[3]

---

[3] There is no doubt that the Planning Commission's vote is "final" inasmuch as the Planning Commission's advisory role has been performed; the fact that the vote recommending disapproval triggers the requirement that the ordinance be approved by a two-thirds vote from which no appeal may be taken, however, does not make the decision "final" for purposes of judicial review.

4

The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn. 1994)). Because the recommendation by the Planning Commission was not a final order, the trial court did not have authority to review the Planning Commission's decision by certiorari, and it properly dismissed the petition for lack of subject matter jurisdiction.

Residents argue that, for various reasons, the Planning Commission's vote was "arbitrary, capricious, unreasonable, illegal, and exceeded its jurisdiction"; that it violated due process, the law of the land, and Tenn. Code Ann. § 13-4-304; and that it "lacked substantial and material evidence." We have considered these arguments; in light of our holding that the Planning Commission's decision was a recommendation to the council and not a final order for purposes of judicial review, these issues are pretermitted.

For the reasons stated, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE